DEPARTMENT OF CIVIL RIGHTS ex rel ZLOTOGURA v CITY OF MUSKEGON

Docket No. 47091. Submitted June 10, 1980, at Grand Rapids.—Decided October 7, 1980.

Harriet T. Zlotogura, who was 50 years old, sought employment with the City of Muskegon. The city hired another applicant, who was 21 years old. Ms. Zlotogura filed a complaint with the Michigan Department of Civil Rights alleging unlawful age discrimination. Following exhaustion of administrative remedies, the defendant city filed an appeal in Muskegon Circuit Court and therein moved for accelerated judgment on the ground that Ms. Zlotogura failed to bring her claim within 90 days of the alleged act of discrimination. R. Max Daniels, J., granted the defendant's motion. Plaintiff appeals. *Held:*

1. Claims brought pursuant to the repealed section of the Michigan Fair Employment Practices Act were required to be filed within 90 days after the alleged act of discrimination.

2. The 90-day period of limitations of the repealed section of the Michigan Fair Employment Practices Act commenced to run on the date the newly hired employee actually assumed her duties. Here the complaint was timely filed.

Reversed and remanded.

1. Lᴀʙᴏʀ Rᴇʟᴀᴛɪᴏɴs — Fᴀɪʀ Eᴍᴘʟᴏʏᴍᴇɴᴛ Pʀᴀᴄᴛɪᴄᴇs Aᴄᴛ — Lɪᴍɪᴛᴀᴛɪᴏɴs ᴏꜰ Aᴄᴛɪᴏɴs — Sᴛᴀᴛᴜᴛᴇs.

Claims brought pursuant to the repealed section of the Michigan Fair Employment Practices Act were required to be filed within 90 days after the alleged act of discrimination (MCL 423.307[b]; MSA 17.458[7][b]).

2. Lᴀʙᴏʀ Rᴇʟᴀᴛɪᴏɴs — Fᴀɪʀ Eᴍᴘʟᴏʏᴍᴇɴᴛ Pʀᴀᴄᴛɪᴄᴇs Aᴄᴛ — Lɪᴍɪᴛᴀᴛɪᴏɴs ᴏꜰ Aᴄᴛɪᴏɴs — Sᴛᴀᴛᴜᴛᴇs.

The 90-day period of limitations of the repealed section of the

---

Rᴇꜰᴇʀᴇɴᴄᴇs ꜰᴏʀ Pᴏɪɴᴛs ɪɴ Hᴇᴀᴅɴᴏᴛᴇs

[1] 15 Am Jur 2d (Rev), Civil Rights § 311.

State statute of limitations as affecting federal civil rights actions under 42 USCS § 1981. 29 ALR Fed 710.

[2] 15 Am Jur 2d (Rev), Civil Rights § 308.

What statute of limitations is applicable to a damage action under Federal Civil Rights Acts. 98 ALR2d 1160.

Michigan Fair Employment Practices Act commenced to run on the date that the newly hired employee actually assumed his or her duties (MCL 423.307[b]; MSA 17.458[7][b]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Michael A. Lockman* and *Martin J. Vittands,* Assistants Attorney General, for plaintiff.

*O'Toole, Stevens, Johnson, Knowlton, Potter & Rolf* (by *Edward A. Grafton),* for defendant.

Before: ALLEN, P.J., and D. F. WALSH and G. R. McDONALD,* JJ.

D. F. WALSH, J. Plaintiff appeals a circuit court order granting accelerated judgment, based on the expiration of the statute of limitations.

Plaintiff, who was 50 years old, sought employment with the City of Muskegon in July, 1973. another applicant, who was 21 years old, was hired on September 5, 1973, but did not commence working until September 13, 1973. Plaintiff filed a complaint with the Michigan Department of Civil Rights on December 12, 1973, alleging unlawful age discrimination by the city in its employment decision. Defendant city moved for accelerated judgment on the ground that plaintiff failed to bring her claim within 90 days of the act of discrimination. The trial court granted defendant's motion.

Michigan's Fair Employment Practices Act [FEPA], since repealed, provided the following period of limitations:

"Any individual claiming to be aggrieved by an alleged unlawful employment practice may * * * make,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sign, and file * * * within 90 days after the alleged act of discrimination, a verified complaint in writing * * *." MCL 423.307(b); MSA 17.458(7)(b).

In *Pompey v General Motors Corp,* 385 Mich 537; 189 NW2d 243 (1971), the Supreme Court enunciated the general rule that one who sues to enforce this statutory right is restricted by the statutorily prescribed limitation period of 90 days. Strict adherence to the statutory limitation period was subsequently mandated by this Court in *Chrysler v Civil Rights Comm,* 68 Mich App 283; 242 NW2d 556 (1977). Based on this authority, plaintiff was required to file her claim within 90 days after the alleged act of discrimination.

All parties assume in this case that the act of discrimination occurred on September 5, 1973, the date on which the new employee was advised that she was hired. We reject that assumption and find, instead, that the act of discrimination occurred on September 13, 1973, the date on which the new employee actually assumed her duties. We find support for this conclusion in several Federal cases which have considered the issue.

In *Egelston v State University College at Genesco,* 535 F2d 752 (CA 2, 1976), the court ruled that the statutory limitation period began to run when the claimant discontinued her teaching functions and not when she was notified that her contract would be terminated. In *Noble v University of Rochester,* 535 F2d 756, 758 (CA 2, 1976), a sex discrimination case, the second circuit ruled that a promotion was not consummated until the employee "took actual command of [his duties] * * * and the time limit was not triggered until then" regardless of when the promotion decision had been made and the parties advised. In *Ricks v Delaware State College,* 605 F2d 710 (CA 3, 1979),

the third circuit ruled that the period of limitations did not begin to run until the employee ceased to render further services to the employer and not when the decision not to renew his contract was communicated to him.

The rationale underlying these decisions is that a seemingly final decision may be reconsidered and sometimes reversed and it is not desirable to encourage the initiation of litigation which could preclude the possibility of reconsideration; and, more importantly from a practical point of view, a rule which requires an employee actually to cease or begin employment in order to trigger the running of the statutory limitation period serves as a bright guideline for both the courts and the victims of discrimination. See *Ricks, supra,* 712. Such a rule makes unnecessary a "date of discovery" rule, with all of its attendant uncertainties, since the date on which an employee begins working or discontinues working or assumes the responsibilities of a new position following promotion is readily apparent to all concerned.

We are persuaded that the rationale of the foregoing cases is applicable with equal validity to cases arising under Michigan's Fair Employment Practices Act. We rule, therefore, that the statutory limitations period did not begin to run in this case until September 13, 1973, when the new employee actually began performing services for the defendant city and that consequently the complaint was timely filed on December 12, 1973.

The trial court's order granting accelerated judgment is reversed and the case is remanded for proceedings consistent with this opinion. No costs, a public question.