NICKELS v BROWN CITY COMMUNITY SCHOOLS

Docket No. 50832. Submitted December 9, 1980, at Detroit.—Decided April 22, 1981.

Diane Nickels brought an action against the Brown City Community Schools claiming discrimination in the application of the sick-leave benefits provisions of a collective-bargaining agreement. The parties, pursuant to an agreement, submitted briefs and a joint statement of facts. After consideration, Lapeer Circuit Court, Martin E. Clements, J., dismissed the complaint. Plaintiff appeals. *Held:*

The clause in the collective-bargaining agreement which forbade the credit of accumulated sick leave during plaintiff's maternity leave is violative of the anti-discrimination provisions of the Michigan Civil Rights Act and the Fair Employment Practices Act. The trial court erred in dismissing the complaint.

Reversed and remanded.

CIVIL RIGHTS — MATERNITY LEAVE — SICK-LEAVE BENEFITS — STATUTES.

A clause in a collective-bargaining contract which forbids the credit of accumulated sick leave during maternity leave is violative of the anti-discrimination provisions of the Fair Employment Practices Act and the Michigan Civil Rights Act (MCL 423.303a; MSA 17.458[4], since repealed, 1976 PA 453, MCL 37.2202; MSA 3.548[202], since amended, 1978 PA 153).

*Fieger, Cousens & Boesky, P.C.,* for plaintiff.

*Thrun, Maatsch & Nordberg, P.C.* (by *G. Michael White),* for defendant.

REFERENCE FOR POINTS IN HEADNOTE

15 Am Jur 2d (Rev), Civil Rights § 177 *et seq.*

Pregnancy leave or maternity leave policy, or lack thereof, as unlawful employment practice violative of Title VII of the Civil Rights Act of 1964 (42 USCS §§ 2000e et seq.). 27 ALR Fed 537.

Before: V. J. BRENNAN, P.J., and N. J. KAUFMAN and M. J. KELLY, JJ.

V. J. BRENNAN, P.J. Plaintiff appeals from a Lapeer County Circuit Court order dismissing her complaint. On August 2, 1976, plaintiff had instituted the instant suit claiming that she should have been allowed to use her accumulated sick leave during her maternity leave which she took commencing March 20, 1972. The defendant had denied her this benefit on the basis that a provision of the collective-bargaining contract forbade the use of sick leave during maternity leave. Plaintiff alleged that this contract clause was discriminatorily unconstitutional and, hence, should be declared void as against public policy.

Since this case and its underlying facts arose prior to the enactment of the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.;* MSA 3.548(101) *et seq.,* effective March 31, 1977, the dispositive issue is whether such action was violative of the state's civil rights acts in effect prior to the effective date of the current act. Subsequent to the submission of this case, this Court decided *Dep't of Civil Rights ex rel Jones v Dep't of Civil Service,* 101 Mich App 295; 301 NW2d 12 (1980). We are persuaded that the logic and analysis of that case is equally applicable to and determinative of the instant case. Therefore, we hold that the better reading of the applicable case law and statutory provisions support plaintiff's contentions.

Reversed and remanded to determine plaintiff's damages. No costs, a public question being involved.