NORTHVILLE PUBLIC SCHOOLS v CIVIL RIGHTS COMMISSION

Docket No. 54160. Submitted May 4, 1982, at Detroit.—Decided August 23, 1982.

The Northville Public Schools hired Mary Ellen Shaughnessy as a teacher. Subsequently, Shaughnessy informed the schools that she was pregnant, intended to continue teaching, and planned to use her accumulated sick leave and personal leave days for the time that she missed for childbirth and recuperation. The superintendent of Northville Public Schools informed Shaughnessy that the policy of the school system was to prohibit use of sick leave or personal leave days for maternity purposes but offered her a temporary leave of absence without pay for a period of time equal to her accumulated sick leave and personal leave days. Shaughnessy complied with the conditions of the temporary leave of absence but expressly informed the school system that her compliance was not to be construed as a waiver of her rights. Shaughnessy had 17 sick leave days accumulated at the time of the birth of her child, and 14 work days were missed during the leave period. Shaughnessy filed a complaint with the Department of Civil Rights charging the school system with sexual discrimination. A hearing referee found that no discrimination occurred. The Civil Rights Commission reversed the decision of the hearing referee. On appeal, the Wayne Circuit Court, Irwin H. Burdick J., reversed the decision of the commission. The commission appeals. *Held:*

1. The circuit court erred in holding that as a matter of law, the school system's refusal to allow its employees to use sick leave days for maternity purposes did not constitute sexual discrimination.

2. It is an act of discrimination, not a mere threat to discrim-

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 703.
    15 Am Jur 2d, Civil Rights § 410.
[2] 15 Am Jur 2d, Civil Rights § 177.
[3] 15 Am Jur 2d, Civil Rights §§ 361, 355.
[4] 15 Am Jur 2d, Civil Rights §§ 307, 308.
    What statute of limitations is applicable to damage action under Federal Civil Rights Acts. 98 ALR2d 1160.

inate or an announcement of an intention to discriminate, which starts the running of the limitation period for an action brought under the Elliott-Larsen Civil Rights Act. Here, the act of discrimination occurred at the time when the claimant would have been paid for the sick leave days had she been permitted to take sick leave with pay. The claim was timely filed.

3. The circuit court's holding that the respondent's policy regarding personal leave days was not discriminatory is affirmed.

Affirmed in part and reversed in part.

1. CONSTITUTIONAL LAW — APPEAL.

An appeal of a decision of the Civil Rights Commission to a circuit court is tried *de novo* (Const 1963, art 5, § 29).

2. LABOR RELATIONS — DISCRIMINATION IN EMPLOYMENT.

A public school system's refusal to allow its employees to use sick leave days for maternity purposes may constitute sexual discrimination.

3. LABOR RELATIONS — DISCRIMINATION IN EMPLOYMENT.

Federal courts have had a much greater opportunity to review questions concerning discrimination in employment than have state courts; thus federal precedent dealing with such questions is often highly persuasive, although not binding on a Michigan court reviewing a claim under a state statute.

4. LIMITATION OF ACTIONS — CIVIL RIGHTS — LABOR RELATIONS.

It is an act of discrimination, not a mere threat to discriminate or an announcement of an intention to discriminate, which starts the running of the limitation period for an action brought under the former fair employment practices act (MCL 423.307[b]; MSA 17.458[7][b]).

*Keller, Thoma, Schwarze & Schwarze, P.C.* (by *John L. Gierak),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Michael A. Lockman* and *Catherine M. Fleming,* Assistants Attorney General, for defendant.

Before: M. J. KELLY, P.J., and T. M. BURNS and MACKENZIE, JJ.

MacKenzie, J. This case presents a claim of sexual discrimination in violation of the former fair employment practices act, MCL 423.301 *et seq.;* MSA 17.458 *et seq.* The former act was repealed by 1976 PA 453, effective March 31, 1977, which also enacted what is now the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.;* MSA 3.548(101) *et seq.* Claimant Mary Ellen Shaughnessy filed a complaint with the Department of Civil Rights on February 3, 1977, and the department charged respondent Northville Public Schools with sexual discrimination. A hearing referee initially found for respondent; however, the Civil Rights Commission found for claimant.

The facts which follow are taken from the Civil Rights Commission's findings of fact and are not disputed at this stage of the proceedings. Respondent hired claimant as a teacher on October 27, 1975. On September 7, 1976, claimant informed respondent that she was six months' pregnant, intended to continue teaching, and planned to use her accumulated sick leave and personal leave days for time missed for childbirth and recuperation. Respondent's superintendent wrote to claimant on October 5, 1976, acknowledging her letter but advising her that respondent's policy was to prohibit use of sick leave or personal leave days for maternity purposes. After a further letter from claimant, the superintendent wrote to claimant on October 13, 1976, offering her a temporary leave of absence without pay for a period of time equal to her accumulated sick leave and personal leave days. Claimant complied with the conditions of the temporary leave of absence but expressly informed respondent that her compliance was not to be construed as a waiver of her rights.

Claimant's child was born on October 23, 1976. Claimant returned to work on November 10, 1976.

As of October 20, 1976, claimant had 17 sick leave days accumulated. Fourteen work days were missed during the leave period.

Respondent appealed the decision of the Civil Rights Commission to circuit court. Such appeals are tried *de novo;* see Const 1963, art 5, § 29. The circuit court reversed the decision of the commission and the commission appeals by right.

I

The circuit court held that, as a matter of law, respondent's refusal to allow its employees to use sick leave days for maternity purposes did not constitute sexual discrimination. The circuit judge relied on *General Electric Co v Gilbert,* 429 US 125; 97 S Ct 401; 50 L Ed 2d 343 (1976), to which may be added *Nashville Gas Co v Satty,* 434 US 136; 98 S Ct 347; 54 L Ed 2d 356 (1977). These federal cases interpreted Title VII of the Civil Rights Act of 1964, 42 USC 2000e *et seq.* Federal courts have had a much greater opportunity to review questions concerning discrimination in employment than have state courts. Consequently, federal precedent dealing with such questions is often highly persuasive, although not binding on a Michigan court reviewing a claim under our state statute. *Civil Rights Comm v Chrysler Corp,* 80 Mich App 368, 375, fn 4; 263 NW2d 376 (1977). However, this Court has twice considered this issue and declined to follow *Gilbert* and its progeny in interpreting the fair employment practices act. *Dep't of Civil Rights ex rel Jones v Dep't of Civil Service,* 101 Mich App 295; 301 NW2d 12 (1980), *lv den* 411 Mich 1034 (1981), *Nickels v Brown City Community Schools,* 105 Mich App 708; 307 NW2d 707 (1981).

The instant case presents no reason to depart from the prior holdings of this Court. *Gilbert* was decided after our Legislature enacted the applicable provisions of the fair labor practices act and so is not necessarily a reliable guide as to what our Legislature intended. In this connection, we note that *Gilbert* was contrary to the overwhelming weight of federal pre-*Gilbert* authority; see the cases discussed in *Pregnancy Leave or Maternity Leave Policy, or Lack Thereof, as Unlawful Employment Practice Violative of Title VII of the Civil Rights Act of 1963 (42 USCS 2000e et seq.),* 27 ALR Fed 537, § 6, pp 568-578. As Judge KELLY pointed out in his concurring opinion in *Dep't of Civil Rights ex rel Jones, supra,* 305-308, *Gilbert* was the subject of much criticism and Congress has amended Title VII to avoid the result reached in *Gilbert.* Similarly, in 1978 PA 153, our Legislature amended the Elliott-Larsen Civil Rights Act to prevent an interpretation of that act analogous to *Gilbert;* see MCL 37.2201(d); MSA 3.548(201)(d). The circuit judge erred by following *Gilbert.*

## II

On appeal, respondent argues that the circuit court reached the correct result in view of the 90-day limitation period contained in MCL 423.307(b); MSA 17.458(7)(b). The circuit court did not reach this question. The commission held that claimant's filing of a complaint with the Department of Civil Rights had been timely. Respondent points out that its superintendent announced its policy concerning use of sick leave days for maternity purposes in a letter dated October 5, 1976, while the commission points out that negotiations continued after October 5 and that claimant was not actually denied pay for the 14 days at issue until after her

return to work. Claimant's complaint was filed on February 3, 1977.

In *Dep't of Civil Rights ex rel Zlotogura v Muskegon*, 100 Mich App 557, 560; 298 NW2d 760 (1980), the Court considered various federal decisions in construing the limitation provision at issue here. The Court stated:

"The rationale underlying these decisions is that a seemingly final decision may be reconsidered and sometimes reversed and it is not desirable to encourage the initiation of litigation which could preclude the possibility of reconsideration; and, more importantly from a practical point of view, a rule which requires an employee actually to cease or begin employment in order to trigger the running of the statutory limitation period serves as a bright guideline for both the courts and the victims of discrimination. See *Ricks [v Delaware State College*, 605 F2d 710, 712 (CA 3, 1979)]. Such a rule makes unnecessary a 'date of discovery' rule, with all of its attendant uncertainties, since the date on which an employee begins working or discontinues working or assumes the responsibilities of a new position following promotion is readily apparent to all concerned."

Respondent points out that the Court of Appeals decision in *Ricks* was reversed in *Delaware State College v Ricks*, 449 US 250; 101 S Ct 498; 66 L Ed 2d 431 (1980). However, the facts of *Ricks* are distinguishable from those at issue here. *Ricks* involved the denial of academic tenure for a college professor. The college had a policy under which a faculty member denied tenure was not discharged immediately. Instead, such a faculty member was offered a contract to teach for one additional year. The employment relationship terminated only with the expiration of that contract. Under 42 USC 2000e-5(e), the limitation period

began to run "after the alleged unlawful employment practice occurred". The Court held that, under the circumstances presented in *Ricks,* the limitation period began to run with the denial of tenure rather than with the termination of employment.

Under MCL 423.307(b); MSA 17.458(7)(b), the limitation period began "after the alleged act of discrimination". It is an *act* of discrimination which starts the running of the limitation period, not a mere threat to discriminate or an announcement of an intention to discriminate. Here the essence of claimant's claim is that she was forced to take leave without pay rather than sick leave with pay. The *act* of discrimination thus occurred at the time when claimant would have been paid for the sick leave days had claimant been permitted to take sick leave with pay.

The circuit court also reversed the commission's finding that respondent's policy in regard to personal leave was discriminatory. As the commission has made no argument on appeal concerning personal leave, that portion of the circuit court's decision is affirmed. The circuit court's decision as to sick leave is reversed and the commission's order in that regard is reinstated.

Affirmed in part and reversed in part.