HANSEN v UPPER PENINSULA POWER COMPANY

Docket No. 80087. Submitted May 22, 1985, at Marquette.—Decided July 2, 1985.

Plaintiffs, Francis and Lorraine Hansen, contracted with defendants, Upper Peninsula Power Company and Everett Tietz, to insulate their house in 1970. Problems began developing soon after installation was completed. The paint on the house peeled and blistered and excess moisture began to accumulate. The windows on the house often froze shut and frost formed on the inside walls in some of the closets. Plaintiffs brought an action in 1984 in the Delta Circuit Court against defendants alleging negligence and breach of contract. Defendants moved for accelerated judgment based on the periods of limitation for negligence and breach of contract. Plaintiffs alleged that they had no idea the problems with the house were related to the work done by defendants and that they did not reasonably discover the connection until 1983. The court, Clair J. Hoehn, J., granted accelerated judgment for defendants and plaintiffs appealed. *Held:*

The allegations of the complaint and amendments must be taken as true and construed most favorably for the nonmoving party when determining whether or not to grant an accelerated judgment. The period of limitation, where an element of the cause of action has occurred but cannot be discovered until sometime after it has occurred, begins to run at such time as that element is, or with reasonable diligence should be, discovered. When the element should reasonably have been discovered is a question of fact for the trier of fact and, where such a question exists, accelerated judgment based on a statute of limitations is improper.

Reversed.

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Summary Judgment §§ 26 *et seq.*
  See the annotations in the ALR3d/4th Quick Index under Summary Judgment.
[2] Am Jur 2d, Limitation of Actions §§ 107 *et seq.*
  See the annotations in the ALR3d/4th Quick Index under Limitation of Actions.

1. JUDGMENTS — ACCELERATED JUDGMENT — COURT RULES.
   The allegations of the complaint and amendments must be taken as true and construed most favorably for the nonmoving party when determining whether or not to grant an accelerated judgment (GCR 1963, 116).

2. LIMITATION OF ACTIONS — ACCRUAL OF CLAIM.
   The period of limitation, where an element of the cause of action has occurred but cannot be discovered until sometime after it has occurred, begins to run at such time as that element is, or with reasonable diligence should be, discovered; when the element should reasonably have been discovered is a question of fact for the trier of fact and, where such a question exists, accelerated judgment based on a statute of limitations is improper.

*LeMire & Manning* (by *Michael J. Manning*), for plaintiff.

*Solka & Mercier* (by *Thomas C. Mercier*), for defendant Upper Peninsula Power Company.

Before: CYNAR, P.J., and HOOD and R. L. OLZARK,* JJ.

PER CURIAM. Plaintiffs filed a complaint on February 28, 1984, alleging negligence and breach of contract. Defendants moved for accelerated judgment claiming the three-year period of limitations for negligence, MCL 600.5805(8); MSA 27A.5805(8), and the six-year period of limitations for a contract action, MCL 600.5807(8); MSA 27A.5807(8), had passed. The trial court granted the motion. Plaintiffs appeal from the trial court's order granting accelerated judgment to this Court as of right.

Plaintiffs contracted with defendants Tietz and the Upper Peninsula Power Company to insulate their house in 1970. Problems began developing soon after installation was completed. The paint on the house peeled and blistered and excess mois-

* Circuit judge, sitting on the Court of Appeals by assignment.

ture began to accumulate. The windows on the house often froze shut and frost formed on the inside walls in some of the closets.

The Hansens attempted a variety of remedial measures, to no avail. Plaintiffs alleged that they had no idea the problems with the house were related to the work done by defendants. Plaintiffs contacted defendants who inspected the premises in 1976 or 1977. Defendants made suggestions to plaintiffs but did not uncover the actual problem. Finally, plaintiffs alleged, an inspection by a private contractor in 1983 disclosed that improper installation of insulation by defendants had caused the problems.

When considering a motion for accelerated judgment pursuant to the former court rule, GCR 1963, 116, a court must accept all of plaintiff's well-pled allegations as true and construe them most favorably to the plaintiff. *George v City of Petoskey,* 55 Mich App 433; 223 NW2d 6 (1974). In this case the trial court had to accept as true the allegation that the blocked vents which plaintiffs claimed caused the problems were in such an inaccessible area that reasonable minds differ as to whether plaintiffs could or should have been able to inspect and discover the problem. Plaintiffs also alleged that inspections by both Tietz and the power company failed to uncover the problem. Where an element of a cause of action has occurred but cannot be discovered until sometime after it has occurred, the limitation period begins to accrue when that element is, or with reasonable diligence should have been, discovered. MCL 600.5827; MSA 27A.5827; *Filcek v Utica Building Co,* 131 Mich App 396, 399; 345 NW2d 707 (1984). The facts as alleged by plaintiffs, and therefore assumed to be true for the purpose of accelerated judgment, indicate that inspections by plaintiffs,

Tietz, and the power company did not disclose the actual cause of plaintiffs' difficulties. This created a factual question about the time when the problem should have reasonably been discovered. *Cartmell v The Slavik Co,* 68 Mich App 202; 242 NW2d 66 (1976), *lv den* 397 Mich 828 (1976). Accelerated judgment was improperly granted.

Plaintiffs' contention on appeal that the applicable limitation periods were tolled by fraudulent concealment on the part of the defendants will not be addressed on appeal. Plaintiffs' complaint does not adequately plead this claim. The complaint alleges:

"That Plaintiffs first noticed the moisture problem in the 1970's and then upon consulting the Utility were advised that the problem was due to insufficient venting in the walls of thir home. The Plaintiffs, pursuant to the Utility's advice, went through time, expense and effort in venting the siding on their home, which failed to correct the problem."

This allegation is on its face insufficient to support a claim of fraudulent concealment under MCL 600.5855; MSA 27A.5855. There are no allegations that defendants attempted to mislead or hinder plaintiffs in acquiring information relating to discovery of the cause of action. Plaintiffs have not alleged that defendants employed artifice planned to conceal the potential cause of action. *Castle v Lockwood-MacDonald Hosptial,* 40 Mich App 597, 610; 199 NW2d 252 (1972). Thus, MCL 600.5855; MSA 27A.5855 does not apply.

Reversed.