THOMAS v MICHIGAN EMPLOYMENT SECURITY COMMISSION

Docket No. 83011. Submitted March 6, 1986, at Lansing. Decided September 16, 1986.

Plaintiff, Austin M. Thomas, filed a suit in federal district court against the State of Michigan, Department of Civil Service, Michigan Employment Security Commission, and two commission employees, Patricia Owens and James E. Culhane. Plaintiff alleged employment discrimination by defendants in violation of 42 USC 1983 and the Michigan Civil Rights Act. The federal district court granted summary judgment in favor of defendants MESC, Department of Civil Service, and Owens and Culhane as agents or employees of MESC acting within the scope of their authority. The order of dismissal expressly provided that the dismissal was without prejudice. The federal district court however retained jurisdiction over defendants Owens and Culhane "solely in their individual capacities" and ordered plaintiff to personally serve Owens and Culhane by a specified date. After plaintiff failed to comply with the order to serve Owens and Culhane, the federal district court dismissed plaintiff's suit and entered an order of dismissal which did not indicate whether the dismissal was with prejudice or not. Plaintiff then filed a suit in the Washtenaw Circuit Court against the same defendants named in his federal district court action, only this time plaintiff's claim was based solely on alleged violations of the Michigan Civil Rights Act. The circuit court, Patrick J. Conlin, J., on defendants' motion, dismissed plaintiff's action, ruling that: (1) several allegations of plaintiff's complaint were barred by the statute of limitations and that the remaining allegations were mere conclusions; (2) plaintiff had failed to state a claim upon which relief could be granted; and (3) plaintiff's action against defendants Owens and Culhane was barred by res judicata because the prior federal action

REFERENCES

Am Jur 2d, Civil Rights §§ 98-248, 290-449.

Am Jur 2d, Motions, Rules, and Orders §§ 4-28, 30.

See the annotations in the Index to Annotations under Equal Employment Opportunity; Motions.

against these defendants had been involuntarily dismissed. Plaintiff appealed.

The Court of Appeals *held:*

1. The federal district court did not intend to entirely dismiss the case against defendants Owens and Culhane. Plaintiff's circuit court action against Owens and Culhane as employees was not barred by res judicata since that was precisely the capacity which the federal court stated in its first order was being dismissed without prejudice.

2. Plaintiff's allegations of acts of discrimination which are not barred by the statute of limitations are sufficient to state a claim upon which relief can be granted under the Michigan Civil Rights Act and to overcome defendants' summary judgment motion.

Reversed and remanded for further proceedings.

1. WORDS AND PHRASES — RES JUDICATA.

There are three prerequisites for a prior judgment to constitute a bar in a subsequent action under res judicata: (1) the former action must have been decided on the merits, (2) the same matter contested in the second action must have been decided in the first action, and (3) the two actions must be between the same parties or their privies.

2. JUDGMENTS — DISMISSALS — DISMISSALS WITHOUT PREJUDICE.

The inclusion of the term "without prejudice" in a judgment of dismissal ordinarily indicates the absence of a decision on the merits and leaves the parties free to litigate the matter in a subsequent action as though the dismissed action had not been commenced.

3. CIVIL RIGHTS — CIVIL RIGHTS ACT — EMPLOYMENT DISCRIMINATION — LIMITATION OF ACTIONS.

A plaintiff in an action for employment discrimination under the Michigan Civil Rights Act must allege a violation of the act within the three-year period of limitations, not merely the continuing effects of past violations, to avoid the application of the statute of limitations (MCL 37.2101 *et seq.,* 600.5805[8]; MSA 3.548[101] *et seq.,* 27A.5805[8]).

4. MOTIONS AND ORDERS — SUMMARY JUDGMENT — FAILURE TO STATE A CLAIM — COURT RULES.

A motion for summary judgment on the basis that the opposing party has failed to state a claim on which relief can be granted tests the legal basis of the complaint, not whether it can be factually supported; the factual allegations of the complaint are

taken as true, along with any inferences which may fairly be drawn from the facts alleged; unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover, the motion should be denied (GCR 1963, 117.2[1], now MCR 2.116[C][8]).

*Carl R. Edwards,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Patricia L. Sherrod,* Assistant Attorney General, for defendant.

Before: SHEPHERD, P.J., and M. J. KELLY and R. L. TAHVONEN,* JJ.

SHEPHERD, P.J. Plaintiff, Austin Thomas, appeals as of right from a January 22, 1985, circuit court opinion and order granting defendants' motion for accelerated or summary judgment on plaintiff's claim of employment discrimination brought under the Michigan Civil Rights Act, MCL 37.2101 *et seq.;* MSA 3.548(101) *et seq.* We reverse and remand for further proceedings.

On January 18 and April 16, 1984, plaintiff filed a complaint and an amended complaint in the Federal District Court for the Eastern District of Michigan, alleging employment discrimination under both 42 USC 1983 and the Michigan Civil Rights Act. The caption listed defendants as the State of Michigan, Department of Civil Service, the Michigan Employment Security Commission and:

> Patricia Owens, employee, Michigan Employment Security Commission, in her individual capacity; James E. Culhane, employee, Michigan Employment Security Commission, in his individual capacity.

* Circuit judge, sitting on the Court of Appeals by assignment.

On June 7, 1984, United States District Court Judge Julian A. Cook entered an order granting partial summary judgment in favor of the defendants for lack of personal jurisdiction. The order dismissed defendants Michigan Employment Security Commission, the Michigan Department of Civil Service, and Owens and Culhane "as agents or employees of defendant commission acting within the scope of their authority." The order expressly stated that these dismissals were "without prejudice." However, the federal district court retained jurisdiction over defendants Owens and Culhane "solely in their individual capacities" and ordered that plaintiff "effectuate personal service of the Summons and Complaint" upon defendants Owens and Culhane by June 23, 1984. When plaintiff failed to personally serve defendants Owens and Culhane by the specified date, the court entered an order of dismissal on June 19, 1984, against these defendants pursuant to FRCP 41(b). The order did not specify whether the dismissal was with or without prejudice.

On August 6, 1984, plaintiff filed the instant complaint in Washtenaw Circuit Court, alleging employment discrimination under the Michigan Civil Rights Act. Plaintiff again listed the MESC and the Michigan Department of Civil Service as defendants. Plaintiff also listed as defendants:

> Patricia Owens, employee, Michigan Employment Security Commission; James E. Culhane, employee, Michigan Employment Security Commission.

In the instant complaint, plaintiff alleges that defendant Owens became his supervisor in 1978; that Owens "behaved arrogantly and condescending [sic] to black clients" of the MESC office; that

Owens "acted in an insulting manner towards black employees" and "in general treated black employees differently than whites similarly situated"; that in March, 1980, Owens threatened to discharge plaintiff if he did not return to work when, at the time, he was on disability for a verified medical condition; that Owens never displayed similar conduct towards white employees; that upon plaintiff's return to work Owens "embarked on a systematic campaign of harassment"; that in the summer of 1980, Owens "initiated a confrontation with plaintiff over a misunderstanding concerning his time sheet" in the presence of fellow employees and clients; that thereafter Owens filed a criminal complaint against plaintiff for assault and battery, knowing that the charge was false; that Owens never subjected similarly situated white individuals to such treatment; that on March 13, 1981, defendant Culhane sent a letter to plaintiff which was "harassing in style, tone, and content"; that Owens knowingly caused a false letter to be written and placed in plaintiff's personnel file; that plaintiff was denied unspecified promotions from 1977 to 1982 for which he was qualified; that "similarly qualified white individuals were not subjected to these forms of discrimination"; and that in December, 1982, plaintiff was no longer able to cope with the stress produced by the continued harassment and was "forced to retire."

On November 8, 1984, defendants moved for summary or accelerated judgment, contending that:

1. Plaintiff had failed to exhaust his administrative remedies as required by the Civil Service Commission rules;

2. Plaintiff's complaint against defendants Ow-

ens and Culhane was barred on the basis of res judicata;

3. Plaintiff's claims were barred by the statute of limitations;

4. Plaintiff's complaint failed to state a claim upon which relief can be granted; and

5. Plaintiff was not entitled to a jury trial.

On January 22, 1985, the circuit court granted defendants' motion. Reasoning that several allegations of plaintiff's complaint were barred by the statute of limitations and that the remaining allegations were "mere conclusions," the circuit court ruled that plaintiff had failed to state a claim upon which relief could be granted. The court also held that plaintiff's complaint against defendants Owens and Culhane was barred by res judicata because the prior federal action against these defendants had been involuntarily dismissed. The trial court did not reach the issues of exhaustion of administrative remedies or right to jury trial and we do not address them here.

I

Is plaintiff's complaint against Owens and Culhane barred by res judicata?

There are three prerequisites which must be met for a prior judgment to constitute a bar in a subsequent action: (1) the former action must have been decided on the merits; (2) the matter contested in the second action must have been decided in the first; and (3) the two actions must be between the same parties or their privies. *Ward v DAIIE,* 115 Mich App 30, 37; 320 NW2d 280 (1982).

The trial court concluded that plaintiff's action against Owens and Culhane was barred by the second federal district court order which dismissed

the previously retained suit against Owens and Culhane "in their individual capacity" under FRCP 41(b) for failure to personally serve these defendants. An involuntary dismissal under FRCP 41(b) is an adjudication on the merits unless the court provides otherwise. *Carter v SEMTA,* 135 Mich App 261, 264; 351 NW2d 920 (1984), lv den 422 Mich 881 (1985). In its previous order, the federal district court had dismissed *without prejudice* the action against the state agencies and Owens and Culhane "as agents or employees."

The federal district court and the plaintiff assume, without citation to authority, that there is a difference in legal effect between naming a party in his or her individual capacity and naming a party as an agent or employee. We need not consider the effect of drawing such a distinction in resolving the res judicata issue. Suffice it to say that the federal court chose to make a distinction, regardless of whether or not it is a distinction without a difference. Viewing the two orders together, it is clear that the district court did not intend to entirely dismiss the case against Owens and Culhane with prejudice. The first order expressly dismissed plaintiff's claims against Owens and Culhane "as agents or employees . . . without prejudice." "The inclusion of the term 'without prejudice' in a judgment of dismissal ordinarily indicates the absence of a decision on the merits, and leaves the parties free to litigate the matter in a subsequent action, as though the dismissed action had not been commenced." 46 Am Jur 2d, Judgments, § 484, pp 646-647. In our view, the fact that these defendants were later dismissed in their individual capacities had no effect on the earlier order which dismissed these defendants in their representative capacity "without prejudice." Accordingly, we conclude that plaintiff's subsequent

suit against the individual defendants as "employees" in the state court was not barred by res judicata since that was precisely the capacity which the federal court stated in its first order was being dismissed without prejudice.

II

Do the allegations of discriminatory conduct which are not barred by the statute of limitations state a claim on which relief can be granted?

The parties agree that the three-year period of limitation set forth in MCL 600.5805(8); MSA 27A.5805(8) applies here and that the complaint was filed on August 6, 1984. Thus the crucial date for consideration is August 6, 1981. In *Robson v General Motors Corp,* 137 Mich App 650, 653; 357 NW2d 919 (1984), lv gtd 422 Mich 938 (1985), this Court, following well-settled federal precedent, held that in an action for employment discrimination to avoid application of the statute of limitations there must be a violation within the limitation period, not merely the continuing effects of past violations. The trial court held that the allegations of discrimination in plaintiff's complaint not barred by the statute of limitations were mere conclusions and thus insufficient to withstand summary judgment.

A motion for summary judgment under GCR 1963, 117.2(1), now MCR 2.116(C)(8), tests the legal basis of the complaint, not whether it can be factually supported. The factual allegations of the complaint are taken as true, along with any inferences which may fairly be drawn from the facts alleged. Unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover, the motion should be denied. *Partrich v Muscat,* 84 Mich App 724, 729-730; 270 NW2d 506 (1978).

Based on our examination of plaintiff's complaint, we conclude that the claim is not so clearly unenforceable that no factual development can justify a right to recover. While most of the specific instances of alleged discrimination occurred prior to August 6, 1981, plaintiff has generally alleged that Owens and Culhane engaged in a campaign of racial harassment and unequal treatment throughout the term of his employment in the MESC WIN program. Plaintiff alleged that finally in December, 1982, he was forced to retire because he was unable "to cope with the stress produced by the racially instigated unequal and disparate treatment he continued to receive at the hands of these defendants." Plaintiff also alleged that from 1977 to 1982 he was denied unspecified promotions for which he was qualified and that similarly qualified white individuals were not subjected to these forms of discrimination. These allegations, if true, are sufficient to state a claim upon which relief can be granted under § 202 of the Michigan Civil Rights Act, MCL 37.2202; MSA 3.548(202). At trial, plaintiff will have to establish that acts of racial discrimination occurred within three years of August 6, 1984, in order to prevail.

Reversed and remanded for further proceedings.