BRIGGS v BARDEN CABLEVISION OF INKSTER, INC

Docket No. 92501. Submitted May 14, 1987, at Detroit. Decided July 10, 1987. In lieu of granting leave to appeal, the judgments of the Court of Appeals and the Wayne Circuit Court are reversed and the case is remanded to the Wayne Circuit Court for further proceedings, 430 Mich —.

On November 23, 1982, Joel Briggs was informed by the sales manager for Barden Cablevision of Inkster, Inc., that he was not being considered for the job of sales representative due to his age and the fact that the company was looking for college graduates. Briggs then spoke to Fred Barden, the office manager for Barden Cablevision, who told him that the sales manager was in error when he denied Briggs employment. Two days later, Fred Barden told Briggs that Don Barden, Fred's brother and president of Barden Cablevision, had taken care of the matter and that Briggs would be hired in a matter of weeks, after a new sales territory opened. On two subsequent occasions, Don Barden allegedly told Briggs that he would be the salesman for the new territory, once it opened. The new sales territory opened during the first week of January, 1983. By mid-February, 1983, Briggs still had not heard from Barden Cablevision. He called John Barden, the company vice-president, to discuss the matter and was told that he, John Barden, had not had an opportunity to speak with Don Barden regarding Briggs' employment. At that point Briggs told John Barden that he had waited long enough and that he was going to file an age discrimination complaint with the Michigan Department of Civil Rights. Briggs did file an age discrimination complaint with the Department of Civil Rights on February 23,

REFERENCES

Am Jur 2d, Civil Rights §§ 98 et seq.; 226 et seq.; 290 et seq.; 307-309, 505.

What is "willful" violation of Age Discrimination in Employment Act (29 USCS §§ 621-634) for purpose of extension to 3 years of 2-year limitations period for filing action. 82 ALR Fed 377.

Application of state law to age discrimination in employment. 96 ALR3d 195.

What statute of limitations is applicable to a damage action under Federal Civil Rights Acts. 98 ALR2d 1160.

1983, alleging violations of the Michigan Civil Rights Act and the federal Age Discrimination in Employment Act. On December 5, 1985, Briggs filed suit against Barden Cablevision of Inkster, Inc., in Wayne Circuit Court alleging that defendant's refusal to hire him constituted age discrimination in violation of the Michigan Civil Rights Act and the Age Discrimination in Employment Act. Defendant moved for summary disposition on the ground that the period of limitation within which the claim could be brought had expired. The court, Henry J. Szymanski, J., granted the motion. Plaintiff appealed.

The Court of Appeals *held:*

Only one allegedly discriminatory act took place, and that occurred on November 23, 1982, when the sales manager told Briggs he was not being considered for the job because of his age. The subsequent conversations between Briggs and defendant's representatives did not revive the cause of action nor present a basis for a continuing violation. The period of limitation involved herein is three years at the most, and plaintiff's complaint was filed more than three years after November 23, 1982, when the cause of action accrued.

Affirmed.

1. LIMITATION OF ACTIONS — EMPLOYMENT DISCRIMINATION — CIVIL RIGHTS ACT.

An action for employment discrimination brought under the Civil Rights Act must be brought within three years after the cause of action accrued (MCL 600.5805[8]; MSA 27A.5805[8]).

2. LIMITATION OF ACTIONS — EMPLOYMENT DISCRIMINATION — AGE DISCRIMINATION IN EMPLOYMENT ACT.

The period of limitation for causes of action brought under the federal Age Discrimination in Employment Act is two years, unless the violation is willful, in which case it is three years (29 USC 216[e]).

3. LIMITATION OF ACTIONS — EMPLOYMENT DISCRIMINATION — ACCRUAL OF CAUSE OF ACTION.

A cause of action for age discrimination occurs when a person is told by a company representative that he is not going to be hired due to his age; subsequent discussions with other company representatives during which the person is told that he will be hired at a later date and the statement by the person that he has waited long enough, followed by his filing of a complaint with the Michigan Department of Civil Rights alleging age discrimination, do not serve to revive the cause of action or present a basis for a continuing violation which would

extend the period of limitation for bringing an age discrimination action against the company.

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Monica Farris Linkner*), for plaintiff.

*Dickinson, Wright, Moon, VanDusen & Freeman* (by *Robert P. Young, Jr.,* and *Denise M. McGorrin*), for defendant.

Before: D. F. WALSH, P.J., and SHEPHERD and DOCTOROFF, JJ.

PER CURIAM. Plaintiff appeals as of right from an order granting defendant's motion for summary disposition on the basis that plaintiff's suit was barred by the statute of limitations, MCR 2.116(C)(7). We affirm.

Plaintiff's request for reversal is based upon the following averments from his affidavit. On November 23, 1982, plaintiff was informed by Mr. Davis, defendant's sales manager, that he was not being considered for the job of sales representative due to his age and the fact that the company was looking for college graduates. Thereafter, plaintiff contacted Fred Barden, defendant's office manager, and advised him of the conversation that had transpired with Davis. Barden told plaintiff that Davis was in error when he denied him employment. He then assured plaintiff that he would speak with Don Barden, his brother and president of the company, at some point during the weekend of November 26, 1982.

On November 28, 1982, Fred Barden called plaintiff at home and told him that Don Barden had "taken care of" the matter and that plaintiff would be hired in a few weeks, at some point after the new sales territory opened.

In early December, plaintiff was invited to defendant's open house party where Don Barden allegedly represented to him that he would be hired once the new sales territory opened. On December 11, 1982, plaintiff attended the Inkster Democratic Christmas party at which Don Barden allegedly informed him that he would be the salesman for the new territory, which was going to open within a two- to three-week period. The new sales territory apparently opened during the first week of January, 1983.

Around the same period of time, company vicepresident John Barden allegedly assured plaintiff that, if the president had promised him a job, everything was fine; plaintiff was then told to wait until Don Barden contacted him.

When plaintiff had not heard from anyone by the middle of February, 1983, he contacted John Barden to discuss the situation. John Barden told plaintiff that he had not had an opportunity to speak with Don Barden regarding plaintiff's employment status.

Plaintiff then informed John Barden that he had "waited long enough" and that he was going to file an age discrimination complaint with the Michigan Department of Civil Rights (MDCR).

On February 23, 1983, plaintiff filed an age discrimination complaint with the MDCR pursuant to the Michigan Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.*, and the Age Discrimination in Employment Act (ADEA), 29 USC 621 *et seq.*

On December 5, 1985, plaintiff filed the instant suit alleging that defendant's refusal to hire him constituted age discrimination in violation of the Civil Rights Act and the ADEA.

Defendant filed a motion for summary disposition, MCR 2.116(C)(7), on the basis that the appli-

cable period of limitation had expired. During oral argument, defendant admitted as true all of the averments made by plaintiff in his affidavit. In granting defendant's motion, the trial judge ruled, in reliance on *Robson v General Motors Corp,* 137 Mich App 650; 357 NW2d 919 (1984), and *Delaware State College v Ricks,* 449 US 250; 101 S Ct 498; 66 L Ed 2d 431 (1980), that the period of limitation began to run when the discriminatory act was communicated and not after postcommunication discussions have been exhausted.

Plaintiff now contends that the trial court erred by granting defendant's motion because there was more than a single discriminatory act. He states that there were two denials of employment. He then argues by way of supplemental brief that there was a series of discriminatory acts that fall under the aegis of the "continuing violation" theory. We disagree.

Nowhere in plaintiff's affidavit does he state that during February, 1983, he was told that he would not be hired because of his age.

The standard of review of a motion for summary disposition pursuant to MCR 2.116(C)(7) is that the court must accept all of plaintiff's well-pled allegations as true and construe them most favorably to plaintiff. *Hansen v Upper Peninsula Power Co,* 144 Mich App 138, 140; 373 NW2d 270 (1985). The affidavits, pleadings, depositions, admissions and documentary evidence must be considered by the court, MCR 2.116 (G)(5).

An action for employment discrimination under the Civil Rights Act must be brought within three years after the cause of action accrued, MCL 600.5805(8); MSA 27A.5805(8); *Mair v Consumers Power Co,* 419 Mich 74, 77; 348 NW2d 256 (1984).

The applicable statute of limitations for causes of action under the ADEA is two years, unless the

violation is willful, in which case it is three years. 29 USC 216(e); *EEOC v Westinghouse Electric Corp,* 725 F2d 211, 217 (CA 3, 1983), cert den 469 US 820; 105 S Ct 92; 83 L Ed 2d 38 (1984).

Taking all of plaintiff's well-pled allegations as true, and construing them most favorably to him, *Hansen, supra,* we find not two separate allegedly discriminatory acts, but only one such act, which occurred on November 23, 1982. This position draws further support from defendant's documentary evidence submitted to the trial court, which consists of plaintiff's sworn statement charging discrimination that he filed with MDCR. In the statement, signed by plaintiff on February 22, 1983, he notes only one date on which an allegedly discriminatory act occurred: November 23, 1982.

Plaintiff's subsequent conversations with defendant's employees and his ultimate statement to John Barden that he had "waited long enough," followed by his complaint to the MDCR, do not serve to "revive" the cause of action, nor do these acts present a basis for a "continuing violation." See *Sumner v Goodyear Tire & Rubber Co,* 427 Mich 505; 398 NW2d 368 (1986).

Therefore, plaintiff's cause of action pursuant to the Civil Rights Act is barred, as is his ADEA claim, whether the alleged violation was willful or nonwillful.

Accordingly, we affirm the trial court's order granting defendant's motion for summary disposition.

Affirmed.