SWIFT v KENT COUNTY

Docket No. 96334. Submitted November 5, 1987, at Grand Rapids. Decided September 8, 1988.

Steven Swift and the Kent County Employees Union brought an action in the Kent Circuit Court against Kent County challenging an amendment to the county retirement plan allowing the employees with military service to purchase credit in the retirement plan for that service up to a limit for purposes of calculating benefits only, and not in calculating eligibility. The court, Stuart Hoffius, J., granted summary disposition for defendant. Plaintiffs appealed.

The Court of Appeals *held:*

A county has the power to adopt an amendment to its retirement plan which grants credit to its employees for prior military service for the purpose of calculating benefits only.

Affirmed.

Counties — Pensions — Military Credit.

A county has the power to adopt an amendment to its retirement plan which grants credit to its employees for prior military service for the purpose of calculating benefits only (MCL 46.12a[15]; MSA 5.333[1][15]).

*Vander Bosch & Avery* (by *Craig Avery*), for plaintiff.

*Varnum, Riddering, Schmidt & Howlett* (by *Peter A. Smit* and *Timothy E. Eagle*), for defendant.

Before: Wahls, P.J., and Beasley and D. A. Burress,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

References

Am Jur 2d, Pensions and Retirement Funds § 1645.

Validity and construction of state statutes requiring employers to compensate employees for absences occasioned by military service. 8 ALR4th 704.

PER CURIAM. Plaintiffs appeal as of right from an October 14, 1986, order of the Kent Circuit Court granting defendant's motion for summary disposition and dismissing plaintiffs' complaint, pursuant to MCR 2.116(C)(8). We affirm.

Acting upon the authority of MCL 46.12a(15); MSA 5.333(1)(15), Kent County amended its employee retirement system so as to permit military service credit. Under the amended plan, eligible employees were permitted to purchase up to five years of military service credit, which was not used in calculating eligibility but rather was used solely in the calculation of benefits under the system.

Plaintiffs argue that the Kent County plan violates the statute to the extent that its plan limits military service credit to the calculation of benefits only and excludes such credit in calculating years of service. Defendant argues that, since the statute authorized the county to recognize military service in the retirement system, it was necessarily authorized to qualify how that military service credit should be applied.

The pertinent part of the statute, MCL 46.12a(15); MSA 5.333(1)(15), reads as follows:

> Upon the approval of the county board of commissioners, a member who entered the armed service of the United States before June 1, 1980 or who entered the armed service of the United States on or after June 1, 1980 during a time of war or emergency condition as defined in section 1 of Act No. 190 of the Public Acts of 1965, as amended, being section 35.61 of the Michigan Compiled Laws, *may elect to receive credited service for not more than 5 years of active military service.* Credit for military service shall be given upon request and payment to the retirement system of an amount equal to 5% of the member's

full-time or equated full-time annual compensation for the year in which payment is made multiplied by the number of years, and fraction of a year, of credited service that the member elects to purchase up to the maximum. Service shall not be credited if the service is or would be credited under any other federal, state, or local publicly supported retirement system. Service shall not be credited under this subsection until the member has 10 years of credited service in force. Only completed years and months of armed service shall be credited under this subsection. [Emphasis supplied.]

It is clear to this Court that summary disposition was granted pursuant to MCR 2.116(C)(8), even though the trial court's opinion did not make specific reference to the rule by number.

A motion for summary disposition under MCR 2.116(C)(8) tests the legal basis of the complaint, not whether it can be factually supported. The factual allegations of the complaint are taken as true, along with any inferences which may be fairly drawn from the facts alleged. Unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover, the motion should be denied. *Thomas v Michigan Employment Security Comm,* 154 Mich App 736, 743; 398 NW2d 514 (1986).

The interpretation of this section of the statute appears to be one of first impression. This Court's attention is not directed to any case law dealing with this section of the statute and for this reason general principles of statutory construction are applied.

The primary goal of judicial interpretation is to give effect to the intent of the Legislature. *Browder v International Fidelity Ins Co,* 413 Mich 603,

611; 321 NW2d 668 (1982). The Court must look first to the specific language of the statute and give effect to every word insofar as possible. *Kalamazoo City Ed Ass'n v Kalamazoo Public Schools,* 406 Mich 579, 603; 281 NW2d 454 (1979); *In re Harris Estate,* 151 Mich App 780, 785-786; 391 NW2d 487 (1986).

The term "credited service" is not defined by this or any other section of the statute. Undefined terms are to be given their common and ordinary meaning. Dictionary definitions may properly be used. *Michigan Bell Communications, Inc v Michigan Public Service Comm,* 155 Mich App 40, 47; 399 NW2d 49 (1986). *Webster's Seventh New Collegiate Dictionary* (1967), page 195, defines "credit" in terms of a monetary bookkeeping entry. In the context of a statute speaking to retirement benefits, "credited service" could reasonably be inferred to mean a bookkeeping entry for the purposes of determining benefits.

One sentence which is particularly telling deals with service credited under other publicly supported retirement systems. The obvious intent of the Legislature was to keep an employee from receiving benefits from two sources for the same employment. For example, the employee is not prohibited from receiving a military pension and a county pension, but cannot receive both for the single time spent in the military.

Last, had the Legislature meant "credited service" to mean the years of service an employee had worked for the county or another governmental agency, it could have stated so. In subsections (9) and (27) of the statute, the Legislature used the phrase "credit for prior service" and "membership service" when referring to the actual years of service to be years to calculate eligibility for retirement benefits. The Legislature easily could

have used those same terms in the subsection being analyzed.

We agree that the trial court was correct in granting summary disposition to the defendant. Under the statute, defendant had the power to adopt an amendment to its retirement plan which granted credit to its employees with prior military service for the purpose of calculation of benefits only.

Affirmed.