DEPARTMENT OF CIVIL RIGHTS v TAYLOR SCHOOL DISTRICT

Docket No. 44640. Submitted December 13, 1979, at Detroit.—Decided March 5, 1980.

Opal L. Swinney, Dolores Loturco, nee Dolores Beaton, and Shirley Koths filed complaints with the Michigan Department of Civil Rights alleging that the Taylor School District and Local No. 26, Service Employees' International Union, AFL-CIO, Bus Garage, had denied the claimants positions as bus driver-custodians on the basis of sex. The Civil Rights Commission conducted a hearing and the hearing referee found that both the school district and the union had unlawfully discriminated against the claimants on account of their sex. The school district and the union filed claims of appeal with the Wayne Circuit Court. Horace W. Gilmore, J., dismissed the claim against the union but found that the Taylor School District had discriminated against the claimants on account of unlawful considerations of sex. The Taylor School District appeals. *Held:*

1. The Civil Rights Commission does have jurisdiction to hear sex discrimination cases.

2. The school district's claim that the ability of the applicants to lift heavy weights was a bona fide occupational qualification which provided a defense to the claims was not supported by the record. No evidence was presented that the women in question were unable to lift heavy weights. If they did not have the necessary strength to perform the job, they need not have been hired. However, the same argument would hold true for any man lacking the necessary strength.

Affirmed.

1. CIVIL RIGHTS — SEX DISCRIMINATION — JURISDICTION.

The Civil Rights Commission has jurisdiction to prosecute sex discrimination cases.

2. CIVIL RIGHTS — SEX DISCRIMINATION — OCCUPATIONAL QUALIFICATIONS — LIFTING ABILITY.

The questions to be determined in all instances of alleged sex discrimination where lifting ability is a qualification are 1)

REFERENCES FOR POINTS IN HEADNOTES

[1] 15 Am Jur 2d (Rev), Civil Rights § 158.
[2] 15 Am Jur 2d (Rev), Civil Rights §§ 128, 161, 185.

what are the requirements for the job, and 2) how will the employer hire individuals who can fulfill those requirements.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Michael A. Lockman* and *Howard E. Goldberg,* Assistants Attorney General, for plaintiffs.

*James E. Wells,* for defendants.

Before: M. J. KELLY, P.J., and M. F. CAVANAGH and P. C. ELLIOTT,* JJ.

M. F. CAVANAGH, J. Defendant school district appeals from the trial court's finding that defendant had engaged in employment discrimination on the basis of sex. The case was before the circuit court on appeal from a finding of discrimination made by the Michigan Civil Rights Commission (CRC).

The first issue raised on appeal is whether the Michigan Civil Rights Commission has the jurisdiction to prosecute sex discrimination cases. We answer that question in the affirmative on the authority of *City of Ypsilanti v Civil Rights Comm,* 55 Mich App 103; 221 NW2d 923 (1974), *aff'd* 393 Mich 254; 224 NW2d 281 (1974).

Defendant next asserts that MCL 750.556; MSA 28.824 is a perfect defense to the sex discrimination statute in an employment case. That statute provides:

"Any employer of labor in this state, employing both males and females, who shall discriminate in any way in the payment of wages as between sexes who are similarly employed, shall be guilty of a misdemeanor. No female shall be assigned any task disproportionate

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

to her strength, nor shall she be employed in any place detrimental to her morals, her health or her potential capacity for motherhood. Any difference in wage rates based upon a factor other than sex shall not violate this section."

Defendant asserts that the job in question involved heavy lifting and that to have assigned that task to a woman would have forced the defendant to violate the above statute. The defendant appears to be arguing that failure to hire a woman on the assumption that she would not be able to lift heavy weights is a bona fide occupational qualification (BFOQ) exception to the discrimination statute.

A BFOQ was considered an exception to an unfair employment practice under MCL 423.303(a); MSA 17.458(3)(a), now MCL 37.2202; MSA 3.548(202). For a recent consideration of sex discrimination under MCL 423.303(a), see *C Thorrez Industries, Inc v Civil Rights Comm,* 88 Mich App 704; 278 NW2d 725 (1979).

There is a dearth of Michigan case law interpreting BFOQ. However, that language appears in Federal statutes and has been interpreted by Federal courts.

Defendant cites *Dothard v Rawlinson,* 433 US 321; 97 S Ct 2720; 53 L Ed 2d 786 (1977), for holding that a gender-based criterion was valid. We disagree. The Court in *Dothard* stated:

"[T]he federal courts have agreed that it is impermissible under Title VII to refuse to hire an individual woman or man on the basis of stereotyped characterizations." 433 US 34, 333.

In dealing with the issue of lifting ability as a qualification, we find the language found in *Weeks*

*v Southern Bell Telephone & Telegraph Co,* 408 F2d 228, 236 (CA 5, 1969), most apposite:

"While one might accept, *arguendo,* that men are stronger on the average than women, it is not clear that any conclusions about relative lifting ability would follow. This is because it can be argued tenably that technique is as important as strength in determining lifting ability. Technique is hardly a function of sex. What does seem clear is that using these class stereotypes denies desirable positions to a great many women perfectly capable of performing the duties involved."

We reject, therefore, defendant's assertion that compliance with the mandates of MCL 750.556; MSA 28.824 automatically results in sex discrimination. Defendant presented no evidence that the women in question were unable to lift heavy weights. If they did not have the necessary strength to perform the job, they need not have been hired. However, the same argument would hold true for any man lacking the necessary stength. The questions to be determined in all instances are what are the requirements for the job and how will the employer hire individuals who can fulfill those requirements.

For the reasons set forth above, we affirm the decision below. No costs.