**Barbara MARKS et al.,**
**Plaintiffs–Appellees,**

v.

**PRATTCO, INC., Defendant–Appellant.**

**No. 80–1386**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.
Unit A

Jan. 5, 1981.

Jim Claunch, Jim Jameson, Fort Worth, Tex., for defendant–appellant.

Charles Padorr, Fort Worth, Tex., for plaintiffs–appellees.

Before GEE, RUBIN and RANDALL, Circuit Judges.

PER CURIAM:

In 1975, Plaintiffs–Appellees Barbara Marks and Shirley Johnson filed suit against their former employer, Prattco, Inc., claiming that they were discharged from employment on account of their race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Following a non–jury trial, the United States District Court for the Northern District of Texas, Eldon B. Mahon, J., entered judgment for the plaintiffs and awarded them back pay and attorneys' fees.

This case was first before this court on appeal from that judgment. *Marks v. Prattco, Inc.*, 607 F.2d 1153 (5th Cir. 1979).

On appeal, we affirmed the district court's conclusion that Prattco had violated Title VII by discharging plaintiffs on account of their race and the court's award of $4,200 in attorneys' fees. Although we found that the district court was correct in determining that the plaintiffs were entitled to an award of back pay, we declined to affirm the amount of back pay awarded by the district court because the back pay order "merely recites the total amounts awarded to appellees. We have no way of knowing whether and to what extent interim earnings and amounts earnable with reasonable diligence were considered by the court in computing the awards." *Marks, supra,* at 1156. Title VII explicitly provides that awards of back pay otherwise payable shall be reduced by "interim earnings or amounts earnable with reasonable diligence." 42 U.S.C. § 2000e–5(g). Thus we remanded the case "so that the district court may hold a hearing and enter a more detailed order with respect to the amount back pay due appellees." *Id.*

Following the remand, Prattco filed a motion requesting the court to reduce the back pay originally awarded the plaintiffs on the basis of evidence adduced at trial concerning the plaintiffs' efforts to acquire employment and employment actually obtained by the plaintiffs following their termination by Prattco. Alternatively, Prattco requested that if the district court found the record incomplete on these questions, the court hold a hearing at which both parties would have the opportunity to present additional evidence concerning these issues.

The court concluded that an additional hearing was unnecessary because both parties had been afforded ample opportunity to present evidence on these matters at trial; the trial record contained substantial evidence on these issues; and although the original back pay order had not indicated on its face that interim earnings and amounts which the plaintiffs could have earned by the exercise of reasonable diligence in seeking employment were considered, these factors had in fact been taken into account by the district court in making its original award.

The court did however re–examine the evidence presented at trial concerning the questions whether the plaintiffs had exercised reasonable diligence in seeking employment following their termination and the amount of interim earnings to be setoff against the back pay award. Based on this re–examination of the evidence, the court found that both plaintiffs had exercised reasonable diligence in attempting to obtain employment. The court then re–calculated the amount of interim earnings actually received by the plaintiffs and found that errors in its original computation had produced an award less than the amount actually due to the plaintiffs.[1] Upon the basis of these revised calculations, which the court included in its back pay order, the court awarded Barbara Marks mitigated back pay totalling $12,043 and Shirley Johnson mitigated back pay totalling $7,215. The plaintiffs were also awarded prejudgment interest and additional attorneys' fees to cover the fees incurred in the course of the first appeal to this court.

Prattco has again appealed the judgment of the district court. Prattco now claims that the district court erred in refusing to hold a hearing following our remand of the case; that the district court erred in finding, upon re–examining the trial record, that the plaintiffs had exercised reasonable diligence in seeking employment; and that the district court erred in awarding the plaintiffs additional attorneys' fees to cover the costs incurred on the first appeal and remand of this case. We find no error in any of the above rulings.

---

1. In re examining the back pay awards, the district court discovered that exhibits introduced by the plaintiffs at trial in order to substantiate their back pay claims contained errors. Specifically, the court found that plaintiffs had erred in figuring the number of months for which they were entitled to back pay and had calculated prejudgment interest at a flat rate of 6% rather than at 6% per annum. The district court corrected these errors in making its revised back pay calculations.

## I

### The Failure To Hold A Hearing Upon Remand

■ Our original opinion in this case did not *require* the district court to conduct a hearing following our remand of the case. We required only that the district court document the validity of its back pay award by entering a more detailed order evidencing the court's consideration of amounts earned or earnable by the plaintiffs following their wrongful discharge in the calculation of the back pay award. A hearing on these issues was unnecessary unless evidence concerning these matters was improperly excluded at trial or for some other reason the original trial record did not contain evidence sufficient to support any findings on these questions. Prattco makes no claim that evidence on the questions of interim earnings and reasonable diligence in seeking employment was erroneously excluded at trial, or that the original trial record contained insufficient evidence to allow the court to make any decision on these issues. Prattco claims only that our original opinion *required* the district court to hold a hearing. The clear meaning of the language in the original opinion is to the contrary and Prattco's contentions in this regard are completely without merit.

## II

### The District Court's Findings On "Reasonable Diligence" and Interim Earnings

■ Prattco claims that the district court erred in its calculations of interim earnings and in its finding that both plaintiffs had exercised reasonable diligence in seeking employment following their wrongful termination by Prattco. Both of these determinations are findings of fact, which we review subject to the "clearly erroneous" standard of Fed.R.Civ.P. 52(a). After reviewing the district court's calculations of the interim earnings received by the plaintiffs in this case, we find no error.

■ Once a plaintiff in a Title VII case has established a prima facie case and established what he or she contends to be the

damages resulting from the discriminatory acts of the employer, the burden of producing further evidence on the question of damages in order to establish the amount of interim earnings or lack of diligence properly falls to the defendant. *Sias v. City Demonstration Agency,* 588 F.2d 692 (9th Cir. 1978); *Sprogis v. United Airlines,* 517 F.2d 387, 392 (7th Cir. 1975). Although this circuit has not previously articulated this rule in the context of an individual Title VII action; we have employed this allocation of the burden of proof in analogous situations arising under 42 U.S.C. § 1981, *Sparks v. Griffin,* 460 F.2d 433 (5th Cir. 1971), and in Title VII class actions, *Myers v. Gilman,* 544 F.2d 837 (5th Cir.), *cert. denied,* 434 U.S. 801, 98 S.Ct. 28, 54 L.Ed.2d 59 (1977). Prattco has directed us to no evidence in the record tending to establish that appellees did not exercise reasonable diligence in seeking employment following their termination. Appellant's argument appears to be that since both plaintiffs were intermittently employed following their discharge, they could have been consistently employed had they exercised reasonable diligence in seeking employment. We are unpersuaded by the logic of this argument. There is evidence in the record tending to establish that both plaintiffs applied for numerous jobs in addition to those at which they were actually employed and Prattco produced no evidence tending to controvert the truth of the plaintiffs' testimony or the good faith of their efforts.

## III

### Attorneys' Fees

■ Prattco's argument that the district court abused its discretion in awarding the plaintiffs attorneys' fees incurred in the original appeal and proceedings upon remand to the district court is almost incomprehensible and utterly devoid of merit. Prattco apparently contends that there is no authority for an award of attorneys' fees incurred on appeal. This argument is refuted by a long and consistent line of precedent. *James v. Stockham Valves & Fit-*

*tings Co.*, 559 F.2d 310 (5th Cir. 1977) (awarding fees in a Title VII case covering all pre–trial, trial and appellate work); *Morrow v. Dillard*, 580 F.2d 1284 (5th Cir. 1978) (prevailing party in civil rights action is entitled to fees for appeal as well as those incurred at the trial level); *Smith v. Fletcher*, 559 F.2d 1014 (5th Cir. 1979) (Title VII supports an award of attorneys' fees for service rendered on appeal). Plaintiffs in this case were the prevailing parties at the trial court, on the original appeal, received a larger award than originally calculated when, upon remand, the back pay award was re–examined, and have now prevailed upon appeal a second time. On this record, there is no question that plaintiffs are entitled to attorneys' fees to cover the fees incurred during the entire course of this unnecessarily protracted litigation, including the first appeal and this appeal.

The judgment of the district court is affirmed and the case is remanded in order that the district court may fix the amount of attorneys' fees allowable in connection with this appeal.

AFFIRMED and REMANDED.