DEPARTMENT OF CIVIL RIGHTS v HORIZON TUBE
FABRICATING, INC

Docket No. 80852. Submitted November 20, 1985, at Detroit.—Decided
February 3, 1986.

Claimant, Marian Caskey, filed charges with the Civil Rights
Commission against respondent, Horizon Tube Fabricating,
Inc., which had refused to recall her to active employment
following a layoff unless she first lost 125 pounds in weight.
The commission found that respondent had unlawfully failed
and refused to recall claimant and that respondent had not
shown that claimant failed to mitigate her damages. The
commission awarded claimant back pay and also awarded
claimant's attorney fees calculated at $70 per hour. On appeal,
the Wayne Circuit Court, Michael J. Connor, J., upheld the
decision of the commission but increased the attorney fees
awarded to a rate of $90 per hour. The circuit court did not
rule on whether claimant was entitled to interest on the award.
Respondent appealed and claimant cross-appealed. *Held:*

1. The circuit court applied the proper standard in determin-
ing whether the claimant mitigated her damages, *i.e.,* once a
claimant has presented a prima facie case of discrimination
and damages, the burden of demonstrating that he failed to
mitigate his damages shifts to the respondent.

2. The circuit court properly found that respondent failed to
meet its burden of proving that claimant had failed to mitigate
her damages.

3. The circuit court did not abuse its discretion in increasing
the award for attorney fees.

4. The circuit court properly denied claimant's request for

REFERENCES

Am Jur 2d, Attorneys at Law §§ 118-182, 237-314.

Am Jur 2d, Civil Rights § 292.

Am Jur 2d, Labor and Labor Relations §§ 603, 1805, 1812, 1971.

Employer's height or weight requirement as unlawful employment
practice violative of Title VII of Civil Rights Act of 1964 (42
USCS §§ 2000e *et seq.).* 29 ALR Fed 792.

See also the annotations in the ALR3d/4th Quick Index under
Discrimination; Labor and Labor Unions.

interest on the award. Claimant did not commence a civil action in circuit court and therefore was not entitled to statutory interest on a judgment. However, the Civil Rights Commission is vested with authority by the Elliott-Larsen Civil Rights Act to add interest on an award when fashioning relief as it deems appropriate.

Affirmed in part and remanded to the Civil Rights Commission for a determination whether interest should be awarded to claimant.

1. CIVIL RIGHTS — ELLIOTT-LARSEN CIVIL RIGHTS ACT — MITIGATION OF DAMAGES.

A claimant before the Civil Rights Commission has a duty to mitigate damages; however, once a claimant has presented a prima facie case of discrimination and damages, the burden of demonstrating that he failed to mitigate damages shifts to the respondent (MCL 37.2101 et seq.; MSA 3.548[101] et seq.).

2. CIVIL RIGHTS — ELLIOTT-LARSEN CIVIL RIGHTS ACT — EMPLOYMENT DISCRIMINATION — MITIGATION OF DAMAGES.

The burden of proving a failure to mitigate damages by a claimant in an employment discrimination proceeding is on the respondent; to meet this burden, the respondent must establish: (1) that the damage suffered by the claimant could have been avoided, i.e., there were suitable positions available which the claimant could have discovered and for which he was qualified and (2) that the claimant failed to use reasonable care and diligence in seeking such a position, i.e., make every reasonable effort to mitigate damages (MCL 37.2101 et seq.; MSA 3.548[101] et seq.).

3. ATTORNEY AND CLIENT — ATTORNEY FEES.

The controlling criterion in evaluating a court's award of attorney fees is reasonableness; guidelines to be employed in computing reasonable attorney fees are: (1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in controversy and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client.

4. ATTORNEY AND CLIENT — ATTORNEY FEES — APPEAL.

The Court of Appeals will uphold a court's finding that attorney fees charged were reasonable absent an abuse of discretion.

5. INTEREST — MONEY JUDGMENT — STATUTES — CIVIL RIGHTS COMMISSION — CIVIL ACTIONS.

The statute authorizing a court to allow interest on a money

judgment recovered in a civil action does not apply to an award for back pay in employment discrimination proceedings before the Civil Rights Commission because such proceedings are not the equivalent of a civil action (MCL 600.6013; MSA 27A.6013).

6. CIVIL RIGHTS — ELLIOTT-LARSEN CIVIL RIGHTS ACT — CIVIL RIGHTS COMMISSION — INTEREST.

The Elliott-Larsen Civil Rights Act authorizes the Civil Rights Commission to add interest on an award granted by the commission to a claimant (MCL 37.2101 *et seq.;* MSA 3.548[101] *et seq.).*

*Charlene Snow,* for claimant.

*Hongiman, Miller, Schwartz & Cohn* (by *Michael A. Heck),* for respondent.

Before: WAHLS, P.J., and R. B. BURNS and M. E. DODGE,* JJ.

R. B. BURNS, J. This appeal arises out of claimant's claim of employment discrimination in violation of the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.;* MSA 3.548(101) *et seq.* Claimant, Marian Caskey, was hired by respondent in July, 1977. She was 5 feet 4½ inches tall and weighed approximately 250 pounds at the time she was hired. In May, 1980, several employees, including claimant, were laid off. After learning that employees with less seniority were being recalled, claimant called respondent and was informed that she had to undergo a physical examination as a condition to recall. Accordingly, she was examined at Metro Industrial Clinic on July 18, 1980. After claimant brought the written results of the examination to respondent, she was informed by respondent that she would not be recalled unless she lost 125 pounds. She then went to her family physician who also examined claimant and found that she was physically able to resume her employment.

* Circuiut judge, setting on the Court of Appeals by assignment.

Claimant filed charges with the Civil Rights Commission and hearings were held before a referee in July and August, 1982. At the July hearing, claimant testified that she had made efforts to find new employment but that she had been unable to find fulltime, regular work. As a result, her only employment had been caring for an elderly woman on an irregular basis, for which she was compensated $91 a month. Claimant testified that she had filled out applications "up and down Northline", but that her efforts had been unsuccessful. Upon cross-examination, claimant admitted that the last time she had reported to the unemployment office was one to two years previously. However, she stated that she had been to the office within the prior two months to examine the microfilms of job listings. She recalled specifically applying for a position at the Kelsey-Hayes plant in Pontiac in September, 1981, the winter of 1981 or 1982 and summer of 1982.

In its decision, the commission found that respondent had unlawfully failed and refused to recall claimant because of her weight and that respondent had not shown that claimant failed to mitigate her damages. The commission also awarded claimant's attorney, Charlene Snow, fees in the amount of $8,437, calculated at a rate of $70 per hour.

The commission's decision was appealed to the Wayne County Circuit Court and the circuit judge upheld the decision of the commission, but increased the attorney fees awarded to Snow to a rate of $90 per hour. The court declined to rule on whether claimant was entitled to interest on the award.

The first issue we consider is whether the circuit court applied the correct standard in determining whether claimant mitigated her damages. The

circuit court looked to federal cases under Title VII, 42 USC 2000e *et seq.,* and concluded that claimant was required to use reasonable care and diligence in seeking suitable employment in order to mitigate her damages.

In Michigan, the defendant has the burden to prove that the plaintiff failed to employ every reasonable effort to mitigate damages. *Williams v American Title Ins Co,* 83 Mich App 686; 269 NW2d 481 (1978). This rule is applicable to both contract and tort actions. *Williams, supra.* The question of the appropriate standard for determining a plaintiff's obligation to mitigate damages under Elliott-Larsen appears to present a question of first impression. However, like the circuit judge, we look to federal decisions under Title VII for guidance.

Like Elliott-Larsen, a primary purpose of Title VII is to prohibit discriminatory practices in employment. See *Ford Motor Co v EEOC,* 458 US 219; 102 S Ct 3057; 73 L Ed 2d 721 (1982). Because of the similarities in the statutes, Michigan courts have frequently relied on federal decisions under Title VII when deciding state employment discrimination claims.[1]

Section 706(g) of Title VII[2] imposes a duty to mitigate damages. However, once a claimant has presented a prima facie case of discrimination and damages, the burden of demonstrating that he failed to mitigate his damages shifts to the respondent. *Rasimas v Michigan Dep't of Mental Health,* 714 F2d 614 (CA 6, 1983); *Kaplan v International*

---

[1] See, *e.g., Robson v General Motors Corp,* 137 Mich App 650; 357 NW2d 919 (1984), *lv gtd* 422 Mich 935 (1985); *Northville Public Schools v Civil Rights Comm,* 118 Mich App 573; 325 NW2d 497 (1982); *Dep't of Civil Rights v Taylor School Dist,* 96 Mich App 43; 292 NW2d 161 (1980); *Civil Rights Comm v Chrysler Corp,* 80 Mich App 368; 263 NW2d 276 (1977).

[2] 42 USC 2000e-5(g).

*Alliance of Theatrical & Stage Employees & Motion Picture Machine Operators,* 525 F2d 1354 (CA 9, 1975). In order to meet this burden, respondent must provide evidence to satisfy the following two-pronged test:

"The burden of proving a failure to mitigate damages in an employment discrimination suit is on defendant. *Kaplan [supra,* p 1363]. To satisfy this burden, defendant must establish (1) that the damage suffered by plaintiff could have been avoided, *i.e.,* that there were suitable positions available which plaintiff could have discovered and for which he was qualified; and (2) that plaintiff failed to use reasonable care and diligence in seeking such a position." *Sias v City Demonstration Agency,* 588 F2d 692, 696 (CA 9, 1978).

This test appears to be almost uniformly accepted.[3]

We disagree with respondent's interpretation of "reasonable care and diligence" as meaning that the discharged employee is required to make every effort to find employment. A claimant is only required to make every reasonable effort to mitigate damages and is not held to the highest standard of diligence. *Rasimas, supra; United States v Lee Way Motor Freight, Inc,* 625 F2d 918 (CA 10, 1979); *Thurber, supra.*

Moreover, a finding of diligence is not a condition precedent to an award of back pay. It is a respondent, not a claimant, who bears the burden of establishing that the claimant willfully failed to mitigate damages and this burden is not met merely by showing that further actions could have been taken in the pursuit of employment. "Rather, the defendant must show that the course of conduct plaintiff actually followed was so deficient as

---

[3] See *e.g., Kaplan, supra; EEOC v Sandia Corp,* 639 F2d 600 (CA 10, 1980); *Thurber v Jack Reilly's, Inc,* 521 F Supp 238 (D Mass, 1981); *EEOC v Kallir, Phillips, Ross, Inc,* 420 F Supp 919 (SD NY, 1976); *Rasimas, supra; Marks v Prattco, Inc,* 633 F2d 1122 (CA 5, 1981).

to constitute an unreasonable failure to seek employment." *Thurber, supra,* p 242.

In summary, diligence in mitigating damages within the employment discrimination context does not require every effort, but only a reasonable effort and it is a respondent, not a claimant, who has the burden of establishing that the claimant failed to make an honest, good faith effort to secure employment.

Having concluded that the circuit judge applied the correct standard, we must now determine whether he was correct in finding that claimant mitigated her damages. This Court's review of the circuit court's findings in the present case is governed by the clearly erroneous standard of MCR 2.613(C), formerly GCR 1963, 517.1. *Dixon v Ford Motor Co,* 402 Mich 315; 262 NW2d 666 (1978); *Civil Rights Comm v Chrysler Corp,* 80 Mich App 368; 263 NW2d 376 (1977).

After reviewing the testimony of claimant and the complete lack of any contradictory testimony by respondent, the circuit court found that respondent had failed to meet its burden of proof. A review of the whole record does not leave us with the "definite and firm conviction that a mistake has been committed". *Tuttle v Dep't of State Highways,* 397 Mich 44, 46; 243 NW2d 244 (1976).

Respondent next argues that the circuit court abused its discretion in awarding claimant attorney fees at the rate of $90 per hour. The controlling criterion for evaluating a court's award of attorney fees is reasonableness. In *Wood v DAIIE,* 413 Mich 573; 321 NW2d 653 (1982), the Court set forth the guidelines to be employed in computing reasonable attorney fees:

" '(1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the

amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client.' " *Wood, supra,* p 588, quoting *Crawley v Schick,* 48 Mich App 728, 737; 211 NW2d 217 (1973).

This Court will uphold the circuit court's finding of reasonableness absent an abuse of discretion. *Wood, supra; Nelson v DAIIE,* 137 Mich App 226; 359 NW2d 536 (1984).

Our review of the record indicates that the circuit judge took into account the appropriate factors, examined those factors in light of the facts of this case, and reached a reasonable conclusion as to the number of hours to be compensated and the rate for that compensation. We find no abuse of discretion on this issue.

Finally, we turn our attention to the question of whether the circuit court erred in denying claimant's request for interest on the award. Interest on a judgment is purely a creature of statute and if it is to be allowed at all, some statutory authority must authorize it. *Motyka v Detroit, G H & M R Co,* 260 Mich 396; 244 NW 897 (1932); *Osinski v DAIIE,* 69 Mich App 426; 245 NW2d 76 (1976).[4]

MCL 600.6013; MSA 27A.6013 provides that interest "shall be allowed on any money judgment recovered in a civil action". This Court noted the limited applicability of this section in *Osinski, supra,* p 428:

"By its express terms § 6013 applies only to a money judgment recovered in a 'civil action' and permits interest to accrue from the date of filing the complaint. A

---

[4] We recognize that interest has been authorized in workers' compensation cases even absent statutory authority to do so. See *Solakis v Roberts,* 396 Mich 13; 233 NW2d 1 (1975); *Wilson v Doehler-Jarvis Divison of National Lead Co,* 358 Mich 510; 100 NW2d 226 (1960). However, we decline to extend that rationale to employment discrimination cases.

civil action is commenced only 'by filing a complaint with the court'. GCR 1963, 101, MCL 600.1901; MSA 27A.1901."

Because § 6013 is in derogation of the common law, which does not generally allow interest on judgments, it must be strictly construed. *Motyka, supra; Schwartz v Piper Aircraft Corp,* 90 Mich App 324; 282 NW2d 306 (1979).

In the instant case, the proceedings were instituted by filing charges with the Civil Rights Commission, not by a complaint with the circuit court. Although the commission operates similarly to a court, it is only a quasi-judicial body created by the Legislature. We conclude that the commission proceedings did not constitute a civil action and therefore § 6013 does not authorize the payment of interest on a back pay award entered by the commission.

We also reject claimant's contention that once the appeal was filed in the circuit court, the action was transformed into a civil action. A similar argument was raised and rejected in *Morgan v Kamil,* 144 Mich App 171; 375 NW2d 378 (1985). In *Morgan,* this Court found a distinction between a circuit court acting in an appellate capacity and when it exercises original jurisdiction. See also *Porter v Board of Optometry,* 41 Mich App 150; 199 NW2d 666 (1972), *overruled on other grounds* 394 Mich 432; 231 NW2d 642 (1975).

However, our analysis does not end here as we must also look to the authority vested in the commission by Elliott-Larsen itself. MCL 37.2605(2); MSA 3.548(605) provides that:

"Action ordered under this section may include, but is not limited to:

\* \* \*

"(i) Payment to the complainant of damages for an injury or loss caused by a violation of this act * * *

\*   \*   \*

"(k) Other relief the commission deems appropriate."

We conclude that the provisions of subsection "k" grants the commission the authority to award interest on an award granted by the commission to a claimant under the act.[5] In the case at bar, it appears that claimant did request that interest be granted, but the commission's order is silent as to interest, neither granting nor denying it.[6]

Accordingly, we reverse this case on the question of interest only and remand to the commission for determination of whether interest should be awarded to claimant in this case and, if so, in what amount.[7]

Affirmed in part and remanded to the commission for further proceedings not inconsistent with this opinion. Claimant may tax all costs in this Court and in the circuit court.

---

[5] We stress, however, that although it is within the authority of the commission to award interest if it deems it appropriate, a party does not have a *right* to receive interest.

[6] Respondent urges us to treat this silence as a denial of interest. We reject that argument, believing that claimant is entitled to receive a definitive ruling by the commission on her request.

[7] Although we offer no specific guidelines at this time for the commission to consider in reaching its decision on interest, we do note that an interest award, if deemed appropriate, should compensate claimant for delay in receiving her money and, by the same token, should remove any incentive for respondent to appeal merely to delay the payment of the judgment.