In·re IRWIN ESTATE

MASON v CAMPBELL

Docket No. 86326. Submitted April 14, 1987, at Detroit. Decided May 27, 1987. Leave to appeal applied for.

Ophelia Mason, conservator of the estate of Bessie Irwin, entered into agreements with Fletcher J. Campbell, J.D., P.C., and Fletcher J. Campbell individually (collectively referred to as Campbell) whereby Campbell would provide legal services to Irwin's estate. Under one agreement Campbell was given a $600 retainer and was to receive $350 for every court appearance. In addition, Campbell would also receive court costs. Under the second agreement, Campbell was to receive one-third of the estate's assets. Campbell received $1,357 for services rendered under the first agreement and $66,836.17 as partial payment under the second agreement. The Wayne Probate Court did not approve the contracts or payments made thereunder. Mason thereafter filed a petition with the Wayne Probate Court requesting that the money paid to Campbell be returned to the estate. The probate court, J. Robert Gragg, Jr., J., ordered Campbell to repay $62,738.17, finding that Campbell had failed to obtain the consent of all affected parties and, therefore, was not entitled to fees provided for by the agreements, but was entitled to reasonable attorney fees. The court concluded that $5,048 was a reasonable fee. Campbell appealed and Mason cross-appealed.

The Court of Appeals held:

1. The probate court did not err in determining attorney fees

REFERENCES

Am Jur 2d, Attorneys at Law §§ 237 et seq.

Am Jur 2d, Executors and Administrators §§ 166-170, 500, 534 et seq.

Am Jur 2d, Interest and Usury §§ 59 et seq.

Authority of probate court to depart from statutory schedule fixing amount of executor's commissions and attorneys' fees. 40 ALR4th 1189.

Amount of attorneys' compensation in proceedings involving wills and administration of decedents' estates. 58 ALR3d 317.

on the basis of reasonableness rather than enforcing appellant's fee arrangements.

2. The probate court did not err in finding that Campbell had not obtained the consent of all affected parties and therefore was not entitled to the fees provided in the agreements.

3. Campbell's contention that Mason failed to respond to his affirmative defenses and, therefore, they should be treated as admitted is without merit.

4. The probate court did not abuse its discretion when it allowed expert witnesses to testify as to the issue of reasonable fees charged in the area of probate work.

5. The evidence presented showed that Campbell was entitled to only $1,657 in attorney fees and costs and, therefore, the probate court abused its discretion in finding Campbell entitled to $5,048.

6. The estate is entitled to prejudgment interest for the amounts erroneously paid to Campbell, pursuant to his advice, prior to court approval of his fees. The matter must be remanded to the probate court for computation of interest on the entire amount wrongfully paid to Campbell from the date upon which Mason's petition was filed.

Reversed and remanded.

1. ATTORNEY AND CLIENT — FEE AGREEMENTS — REASONABLE COMPENSATION.

A fee agreement may be considered as one factor in determining the reasonableness of an attorney's compensation, but is not by itself determinative.

2. EXECUTORS AND ADMINISTRATORS — CONSERVATORS — ATTORNEY FEES — PROBATE COURT.

A conservator of an estate may hire an attorney to provide services to the estate and agree to pay a certain fee, but the fee is subject to probate court scrutiny and may be altered by the probate court (MCR 8.303).

3. APPEAL — ATTORNEY FEES — PROBATE COURT.

The Court of Appeals will not reverse a probate court's decision on a reasonable amount of attorney fees absent an abuse of discretion.

4. ATTORNEY AND CLIENT — ESTATES — ATTORNEY FEES — BURDEN OF PROOF.

An attorney claiming compensation for services rendered to an estate has the burden of satisfying the court that the services rendered were necessary and that the charges therefor are reasonable.

5. INTEREST — JUDGMENTS.

   Interest on a judgment is purely a consequence of statute and, therefore, if it is to be allowed at all, some statutory authority must permit it.

6. EXECUTORS AND ADMINISTRATORS — ATTORNEY FEES — APPROVAL OF FEES.

   An attorney retained by the fiduciary of an estate to represent the estate has no right to compensation for his services until the court approves his request (MCR 8.303).

*Fletcher J. Campbell*, for appellant.

*Auslander, Babcock & Kaufman* (by *Joel H. Kaufman*), for appellee.

Before: J. H. GILLIS, P.J., and BEASLEY and SAW-YER, JJ.

PER CURIAM. Appellants in this case are an attorney and his professional corporation which performed services on behalf of Bessie Irwin's estate under two separate agreements signed by appellee Ophelia Mason, Bessie Irwin's conservator. After paying $67,786.17[1] in attorney fees, Mason filed a petition with the probate court requesting its return. The probate court ordered appellants to repay $62,738.17. Appellants appeal that order as of right and Mason cross-appeals. We reverse and remand.

Appellant Fletcher J. Campbell is a Detroit attorney in general practice, who signed two contracts with Mason. The first contract was with appellant's corporation and the second contract

[1] Although the probate court determined that Mason paid appellant $67,786.17 (i.e., $66,836.17, under the second contract, added to $600, the retainer under the first contract, and $350, for one court appearance under the first contract), the evidence submitted at the hearing shows that Mason actually paid appellant $68,193.17 (i.e., $66,836.17, under the second contract, added to $600, the retainer under the first contract, and $700, for two court appearances, and $57, in court costs). On remand, this figure should be used.

was with appellant personally. Throughout this opinion, both appellant personally and his corporation will be referred to as appellant.

Under the first contract, dated September 15, 1983, appellant was given a $600 retainer and was to receive $350 for every court appearance. Appellant defined court appearance very broadly, including occasions when he left his office to file papers with the court. Appellant also received court costs under the first agreement. Thereunder, Mason paid $1,357, including a $600 retainer, $700 for two court appearances, and $57 in costs.

On June 26, 1984, appellant and Mason executed a second contract entitled "Power of Attorney and Assignment." Under this contract, appellant was to receive one-third of the estate's assets. As partial payment under this contract, appellant received $66,836.17. The probate court did not approve these contracts or payments made thereunder.

Appellant claimed that he had performed various services on the estate's behalf, including filing an unopposed petition in May of 1984 to have Mason appointed the estate's conservator and guardian, obtaining a bond and letters of authority for Mason, talking with and writing to bank officials regarding the contents of a safe-deposit box, inventorying the safe-deposit box, opening a stock broker's account, reviewing Bessie Irwin's mail from 1976 to the present, and stopping the sale of Irwin's home under a contract signed by Mason.

Two expert witnesses also testified concerning the normal attorney fee charged for probate work such as that rendered by appellant. Myles B. Hoffert testified that a normal hourly fee would be $100 per hour and that the fee charged by appellant of almost $68,000 was unreasonable and excessive. Sylvia Hart testified that a normal hourly

fee would be between $75 and $125 per hour and that the fee charged by appellant for the work performed in this case, which she estimated required about sixteen hours, was highly excessive, outrageous, and unconscionable. She testified that the legal services performed by appellant were simple and that other services performed were nonlegal and could have been accomplished by the conservator. She estimated that a reasonable fee for appellant's services would be approximately $1,500.

The probate court held that appellant had failed to obtain the consent of all affected parties and, therefore, he was not entitled to fees provided for by his agreements with Mason, but to reasonable attorney fees. The court concluded that $5,048 was a reasonable fee and ordered appellant to return $62,738.17. The $5,048 included $4,425 in reasonable attorney fees, $560 for fiduciary services, and $63 in out-of-court expenses. As noted above, appellant appeals this determination and Mason cross-appeals.

MCL 700.484(3)(w); MSA 27.5484(3)(w) empowers a conservator to hire an attorney to assist or advise her in the performance of her duties without court authorization or confirmation. Moreover, without obtaining a court order, a conservator may hire "counsel to perform necessary legal services in behalf of the estate." MCL 700.5(1),(2)(a) and 700.543; MSA 27.5005(1),(2)(a) and 27.5543. Counsel so hired "shall receive reasonable compensation for the legal services." *Id.*

PCR 908 provides in part:

> .3 Compensation, Summary of Services. *An attorney is entitled to receive reasonable compensation for services rendered to the estate, in an amount consented to by all the parties affected or*

*approved by the judge having jurisdiction over the estate.* Except when compensation is consented to, the attorney must append to an accounting, schedule, petition or motion in which compensation is claimed a written description of services performed, a summary of the work done by the attorney and other information that may be helpful to the court in determining compensation.

.4 Claims Against Attorneys. Attorneys and counselors are officers of the courts of this state and as such are subject to the summary jurisdiction of such courts. The court has jurisdiction, on complaint of any client, and after reasonable notice and hearing, to make any order for the payment of money or for the performance of any act by the attorney which law and justice may require regarding matters arising in proceedings in such court. [Emphasis supplied. See also PCR 711.]

Appellant first claims that the probate court erred in determining attorney fees on the basis of reasonableness rather than enforcing appellant's fee arrangements. We disagree. MCL 700.543; MSA 27.5543 and PCR 908.3 only entitle an attorney to reasonable compensation. While a fee agreement may be considered as one factor in determining the reasonableness of an attorney's compensation, it is not by itself determinative. *In re L'Esperance Estate,* 131 Mich App 496, 502; 346 NW2d 578 (1984). Hence, although a conservator may hire an attorney and may agree to pay a certain fee, the attorney's fee is clearly subject to the probate court's scrutiny and may, in fact, be altered by the probate court.[2] *Id.*

Appellant next claims that Mason,[3] as the estate's conservator, was the only party affected

---

[2] MCR 8.303, formerly PCR 908.3, makes clear that the probate court must approve attorney fees in all cases.

[3] Appellant's constitutional challenges are not preserved for appeal. *Butler v Detroit Automobile Inter-Ins Exchange,* 121 Mich App 727, 737; 329 NW2d 781 (1982).

under PCR 908.3 and that he was entitled to receive the fee agreed upon. Again, we disagree. In *In re L'Esperance Estate, supra,* a guardian and an attorney entered into a contingent fee agreement allowing the attorney to receive one-third of any insurance benefits recovered. The hospital caring for the guardian's ward intervened as an interested person on the ground that it would not be reimbursed for the care it had provided if the attorney received his contracted-for fee. This Court held that the probate court properly reduced the amount of attorney fees due despite the contingent fee arrangement. Both this Court and the probate court apparently assumed that not all the affected parties had consented to pay the attorney's fee.

In *In re Thacker Estate,* 137 Mich App 253; 358 NW2d 342 (1984), the executor of a deceased's estate hired legal counsel for assorted matters. The deceased's daughters, primary takers under the will, objected to one attorney's fee on the ground that it was unreasonable. The probate court reduced the attorney's fee and this Court affirmed. Again, both courts impliedly ruled that absent the consent of the affected parties (i.e., daughters-beneficiaries), the probate court could set a reasonable fee.

MCL 700.7(3) and (4); MSA 27.5007(3) and (4) provide:

> (3) "Interested party" means an heir, devisee, beneficiary, a fiduciary of a legally incapacitated person who is an heir, devisee, or beneficiary, a fiduciary or trustee named in an instrument involved, or a special party.
> (4) "Interested person" means an interested party, creditor, surety, or *any other person having a property right in* a trust estate or *the estate of a* decedent or *ward which may be affected by the proceeding.* Interested person includes a person

nominated as a personal representative and a fiduciary representing an interested person. *The meaning may vary as it relates to a particular person and shall be determined according to the particular purpose of, and matter involved in, any proceeding.* [Emphasis supplied.]

In this case, appellant filed a petition for appointment of a conservator on December 29, 1983. Therein, appellant listed two nieces and a nephew as presumptive heirs of Bessie Irwin. Moreover, in a petition for appointment of a guardian, filed by appellant, he listed Oakland Care Center in Royal Oak as an entity which provided care to and had custody of Bessie Irwin. Appellant clearly knew the names and addresses of these presumptive heirs and this physical custodian, but did not obtain their consent to the above-discussed fee arrangements. The probate court found that Bessie Irwin's presumptive heirs and her physical custodian were affected parties under PCR 908.3. The probate court, in reaching this result, found that "parties affected" under PCR 908.3 was synonymous with "interested persons" under MCL 700.7(4); MSA 27.5007(4). We agree that Bessie Irwin's presumptive heirs as well as Oakland Care Center were parties which would be affected by the fee agreement executed by Mason and appellant. *In re Thacker Estate, supra; In re L'Esperance Estate, supra.*

Appellant next claims that Mason failed to respond to his affirmative defenses and, therefore, they should be treated as admitted. Our review of the record reveals that Mason did file responses to appellant's so-called affirmative defenses. Hence, this argument is without merit.

Appellant also contends that the probate court abused its discretion when it admitted expert testimony on the issue of normal hourly fees charged

by a probate attorney. We believe that the probate court did not abuse its discretion when it allowed experts to testify as to the issue of reasonable fees charged in the probate area. MRE 401. See and compare *In re Eddy Estate,* 354 Mich 334, 351-352; 92 NW2d 458 (1958); *Becht v Miller,* 279 Mich 629, 641; 273 NW 294 (1937); *Babbitt v Bumpus,* 73 Mich 331; 41 NW 417 (1889).

We now turn to Mason's, cross-appellant's, arguments. Mason claims that, at most, appellant was entitled to $1,500 in attorney's fees. As noted above, appellant claims he was entitled to recover the fees provided for in his contracts. This Court will not reverse the probate court's decision on a reasonable amount of attorney fees absent an abuse of discretion. *In re L'Esperance Estate, supra,* 501. The burden of proof is on the person claiming compensation. See, e.g., *In re Baird Estate,* 137 Mich App 634, 637; 357 NW2d 912 (1984).

In this case, appellant submitted a forty-eight-page summary of services performed for the estate. Nowhere therein did appellant indicate the date, other than the year, the services were rendered, the time required to render the service, or the hourly rate he charged. The probate court then proceeded to make an estimate as to the time it took appellant to perform each service. We agree with Mason that, although the court could properly consider the time appellant had spent performing services in determining a reasonable amount of attorney fees, it could not estimate the time appellant took to perform the listed services absent evidence of the same. See and compare *In re Humphrey Estate,* 141 Mich App 412, 439-440; 367 NW2d 873 (1985), lv den 423 Mich 854 (1985), reconsideration den 423 Mich 854 (1986); *In re Kiebler Estate,* 131 Mich App 441, 444; 345 NW2d 713 (1984), lv den 419 Mich 935 (1984).

At the hearing, appellant merely testified that it took him three hours to inventory the jewelry in the safe-deposit box. Sylvia Hart, Mason's expert witness, testified that the work appellant performed in his capacity as an attorney required approximately sixteen hours. Therefore, we find that appellant was entitled to receive $1,600 in attorney fees (i.e., sixteen hours multiplied by $100 per hour, the fee found to be reasonable by the probate court). We also note that the evidence showed that appellant incurred $57 in costs and not the $63 awarded him by the probate court. We further find that appellant was hired as *an attorney* to provide "necessary legal services." MCL 700.543; MSA 27.5543. Any services for which appellant may have acted in a fiduciary capacity, such as inventorying the contents of the safe-deposit box, were not necessary legal services and, therefore, he was not entitled to compensation. Compare *In re Kiebler Estate, supra.* In sum, the evidence presented showed only that appellant was entitled to $1,657 in attorney fees and costs and, therefore, the probate judge abused his discretion when he found appellant was entitled to $5,048. *In re L'Esperance Estate, supra,* 501-502.

Mason next claims that appellant is liable for prejudgment interest on the amount which he received under the contracts. Interest on a judgment is purely a consequence of statute and, therefore, if it is to be allowed at all, some statutory authority must permit it. *Dep't of Civil Rights v Horizon Tube Fabricating, Inc,* 148 Mich App 633, 640; 385 NW2d 685 (1986). MCL 600.6013; MSA 27A.6013 allows a party to obtain "interest on a money judgment recovered in a civil action."

In *In re Thacker Estate, supra,* 263, this Court held that, under PCR 908.3, an attorney is entitled to receive reasonable compensation in an amount

approved by the court; consequently, an attorney has no right to receive compensation absent court approval of his request. In *In re Thacker Estate,* *supra,* the executor, a bank, paid an attorney his fees before they were approved by the court. The executor petitioned the court to allow its filed accounts, including the attorney fees, but the decedent's daughters objected to the executor's fees, the attorney's fees, and the payments made to the attorney before court approval. Following a hearing, the court assessed a surcharge (i.e., interest) against the executor for payments made without judicial approval on the *entire amount* paid to the attorney, even though the probate court ultimately awarded some attorney fees to the attorney.

In this case, unlike in *In re Thacker Estate,* *supra,* Mason specifically claims that Bessie Irwin's estate is entitled to prejudgment interest pursuant to MCL 600.6013; MSA 27A.6013 for the amounts she erroneously paid to appellant, pursuant to his advice, prior to court approval of his fees. We agree. The purpose of MCL 600.6013; MSA 27A.6013 is to compensate the prevailing party for expenses incurred in bringing an action and for delay in receiving money damages. *In re Cole Estate,* 120 Mich App 539, 550; 328 NW2d 76 (1982). In this case, appellant was ordered to pay a money judgment. He was not ordered to do any further acts. Compare *Stewart v Isbell,* 155 Mich App 65, 80-82; 399 NW2d 440 (1986). We further note that ordering such interest would not reduce the estate's assets. Compare *In re Cole Estate,* *supra,* 551. On remand, the probate court shall compute interest on the *entire amount* wrongfully paid to appellant from the date upon which Mason's petition was filed.[4] See *Alpine Construction*

---

[4] We note that a similar result may be reached under MCL 700.767; MSA 27.5767.

*Co v Gilliland,* 50 Mich App 568, 577; 213 NW2d 824 (1973). We believe that this result is appropriate because in reality the probate court found that appellant was not entitled to fees until they were approved by the probate court.

Reversed and remanded for proceedings consistent with this opinion. Costs to appellee-cross appellant.