The **CHILDREN'S HOME OF CEDAR RAPIDS, d/b/a Heartwood Residential Treatment Center, Appellant,**

v.

**CEDAR RAPIDS CIVIL RIGHTS COMMISSION, Appellee.**

No. 89–1724.

Court of Appeals of Iowa.

Oct. 23, 1990.

Mark H. Rettig of Hines, Pence, Day & Powers, Cedar Rapids, for appellant.

Mohammad H. Sheronick, Asst. Cedar Rapids City Atty., for appellee.

Heard by OXBERGER, C.J., and DONIELSON and HAYDEN, JJ.

HAYDEN, Judge.

Prior to 1985 Ann Pizinger and Cindy De Groff were employed as youth service workers in the "girls' cottage" of the Heartwood Residential Treatment Center. Heartwood operates residential facilities for emotionally troubled adolescents.

In 1985 the management of Heartwood decided to convert the girls' cottage into a boys' cottage and to discontinue providing a residential facility for girls. As a part of this conversion the management decided to provide a virtually all-male staff for the newly created boys' cottage. Accordingly, the Heartwood management laid off female youth service workers, including Pizinger and De Groff.

Pizinger and De Groff challenged their terminations by filing complaints with the Cedar Rapids Civil Rights Commission. The Cedar Rapids Civil Rights Commission found Heartwood had committed employment discrimination on the basis of sex in violation of a Cedar Rapids city ordinance. The Civil Rights Commission awarded back pay to Pizinger and De Groff and directed they be reinstated.

Heartwood challenged the Civil Rights Commission's agency action by filing a petition for judicial review. The district court upheld the Civil Rights Commission's agency action, and Heartwood has appealed.

Heartwood challenges the sufficiency of the evidence to establish unlawful sex-based discrimination in employment occurred. Heartwood contends it had legitimate non-discriminatory reasons for not employing women as youth service workers in a facility where all the residents were emotionally disturbed adolescent boys.

Heartwood argues the evidence established gender is a bona fide occupational qualification (BFOQ) for the position of youth service worker in its residential facility. Heartwood further argues the evidence established its action was not a pretext for discrimination.

In addition, Heartwood contends the appellate review of an agency action should include "a review of the entire record."

Finally, Heartwood contends even if Pizinger and De Groff were otherwise entitled to relief, the monetary damages awarded them were excessive and were determined according to improper procedures. Heartwood argues under the terms of a Cedar Rapids ordinance, it is entitled either to a reversal of the monetary damage awards or to a remand to the Commission for a full evidentiary hearing on the subject of monetary damages.

■ The scope of review in cases arising out of the Iowa Administrative Procedure Act is limited to the corrections of errors at law. *Budding v. Iowa Dept. of Job Service*, 337 N.W.2d 219, 221 (Iowa App.1983). A district court decision rendered in an appellate capacity is reviewed to determine whether the district court correctly applied the law. *Id.* To make that determination this court applies the standards of section 17A.19(8) to the agency action to determine whether our conclusions are the same as the district court's. *Jackson County Public Hospital v. Public Employment Relations Board*, 280 N.W.2d 426, 429–30 (Iowa 1979). The scope of review encompasses a review of the entire record and is not limited to the agency's findings. *Higgins v. Iowa Dept. of Job Service*, 350 N.W.2d 187, 191 (Iowa 1984).

Iowa Code section 17A.19(8)(f) provides in a contested case the court shall grant relief from an agency decision which is unsupported by substantial evidence made before the agency when that record is viewed as a whole. *Eaton v. Iowa Dept. of Job Service*, 376 N.W.2d 915, 916–17 (Iowa App.1985). Evidence is substantial to support an agency's decision when a reasonable person would find it adequate to reach a conclusion. *Id.* at 917. The question is not whether the evidence might support a different finding but whether the evidence supports the findings actually made. *Henry v. Iowa Dept. of Job Service*, 391 N.W.2d 731 (Iowa App.1986). The fact that two inconsistent conclusions can be drawn from the evidence does not mean that one of those conclusions is unsupported by substantial evidence. *Id.*

We will address the appellant's arguments in the order presented.

The first argument we deal with summarily. We decline Heartwood's invitation to adopt a standard of review different from that already outlined above.

■ Second, we find the record as a whole contains substantial evidence to sustain the trial court's ruling. *See, e.g., Landals v. George A. Rolfes Co.*, 454 N.W.2d 891 (Iowa 1990). The trial court confirmed the Commission's ruling the complainants were subjected to unlawful sex discrimination by Heartwood. The trial court opinion comprehensively deals with the issue. We affirm on this issue.

■ Third, Heartwood contends it was denied due process in the remedy ordered by the Cedar Rapids Civil Rights Commission. Specifically, Heartwood claims it was denied an opportunity to present evidence and be heard on the issue of damages, particularly the mitigation and offset of back wages.

"The basic or fundamental elements of due process of law are notice and opportunity to be heard." *Carr v. Iowa Employment Security Commission*, 256 N.W.2d 211, 214 (Iowa 1977). However, "the full panoply of procedural due process rights is not necessary for an administrative hearing to pass constitutional muster, ..." *Id.*

To comport with due process, a person must ordinarily be informed somehow of the issues involved in order to prevent surprise at the hearing and allow an opportunity to prepare. *Goldberg v. Kelly*, 397 U.S. 254, 267, 90 S.Ct. 1011, 1020, 25 L.Ed.2d 287, 299 (1970). The test is fundamental fairness, not whether the notice meets technical rules of common law pleading.

*Wedergren v. Board of Directors*, 307 N.W.2d 12, 16 (Iowa 1981).

*Wedergren* defines the limits of due process in administrative hearing. We find the present case falls squarely within its confines.

There is no dispute Heartwood had adequate notice of the charges and issues. They were afforded ample opportunity to prepare. "Discovery procedures applicable to civil actions are available to all parties in contested cases before an agency.... Agency subpoenas shall be issued to a party on request...." Iowa Code § 17A.13(1).

The hearing lasted two days. All parties were entitled to present evidence or call and question witnesses as they felt necessary. Compulsory process was available *Id.* All the issues were before the hearing officer at the initial hearing. No bifurcation was requested, nor was a reservation on the damages issue stipulated to. Given the sufficient notice and the ample opportunity to be heard, the Children's Home cannot be now heard to complain they were not afforded a second opportunity for yet another full evidentiary hearing, this time solely on damages. They are not entitled to two bites of the apple. We affirm on this issue.

■ One issue remains before us. Mitigation is required under the Cedar Rapids Civil Rights ordinance.

a. For the purposes of this subsection and pursuant to the provisions of this chapter, "remedial action" includes but is not limited to the following:

(1) Hiring, reinstatement or upgrading of employees with or without pay, interim earned income and unemployment compensation shall operate to reduce the pay otherwise allowable.

Cedar Rapids Municipal Code § 69.14(2)(a)(1).

The Iowa Civil Rights Commission statute contains a similar provision. Iowa Code § 601A.15(8)(a)(1). Mitigation is based upon the complainants' receipt of unemployment benefits and other earned income after the wrongful termination.

*Id.; Landals*, 454 N.W.2d at 893–94; *cf. First Judicial District Department of Correctional Services v. Iowa Civil Rights Commission*, 315 N.W.2d 83, 85 (Iowa 1982). *See also Hy–Vee Food Stores v. Civil Rights Commission*, 453 N.W.2d 512, 530–31 (Iowa 1990).

Section 706(g) of Title VII [42 U.S.C. § 2000e–5(g)—similar to Iowa Code § 601A.15(8)(a)(1) and Cedar Rapids Municipal Code § 69.14(2)(a)(1) ] imposes a duty to mitigate damages. However, once a claimant has presented a prima facie case of discrimination and damages, the burden of demonstrating that he failed to mitigate his damages shifts to the [employer]. *Rasimas v. Michigan Dep't of Mental Health*, 714 F.2d 614 (CA6, 1983); *Kaplan v. International Alliance of Theatrical & Stage Employees & Motion Picture Machine Operators*, 525 F.2d 1354 (CA9, 1975). In order to meet this burden, [the employer] must provide evidence to satisfy the following two-pronged test:

"The burden of proving a failure to mitigate damages in an employment discrimination suit is on [the employer]. *Kaplan* [*supra.* p. 1363]. To satisfy this burden, [the employer] must establish (1) that the damage suffered by [the employee] could have been avoided, *i.e.* that there were suitable positions available which [the employee] could have discovered and for which he was qualified; and (2) that [the employee] failed to use reasonable care and diligence in seeking such a position." *Sias v. City Demonstration Agency*, 588 F.2d 692, 696 (C.A.9, 1978).

This test appears to be almost uniformly accepted. *See e.g. Kaplan, supra; EEOC v. Sandia Corp.*, 639 F.2d 600 (CA10, 1980); *Thurber v. Jack Reilly's, Inc.*, 521 F.Supp. 238 (D.Mass.1981); *EEOC v. Kallir, Philips, Ross, Inc.*, 420 F.Supp. 919 (S.D.N.Y.1976); *Rasimas, supra; Marks v. Prattco, Inc.*, 633 F.2d 1122 (CA5, 1981).

We disagree with [the employer's] interpretation of "reasonable care and diligence" as meaning that the discharged

employee is required to make every effort to find employment. A claimant is only required to make every reasonable effort to mitigate damages and is not held to the highest standard of diligence. *Rasimas, supra; United States v. Lee Way Motor Freight, Inc.,* 625 F.2d 918 (CA10, 1979); *Thurber [v. Jack Reilly's, Inc.* 521 F.Supp. 238, 241–42 (D.Mass. 1981), *aff'd,* 717 F.2d 633 (1st Cir.1983), 466 U.S. 904, 104 S.Ct. 1678, 80 L.Ed.2d 153 (1984).]

Moreover, a finding of diligence is not a condition precedent to an award of back pay. It is [the employer] not [the employee], who bears the burden of establishing that the claimant willfully failed to mitigate damages and this burden is not met merely by showing that further actions could have been taken in the pursuit of employment. "Rather, the [employer] must show that the course of conduct [employee] actually followed was so deficient as to constitute an unreasonable failure to seek employment." *Thurber supra,* p. 242.

In summary, diligence in mitigating damages within the employment discrimination context does not require every effort, but only a reasonable effort and it is [the employer], not a claimant, who has the burden of establishing that the claimant failed to make an honest, good faith effort to secure employment.

*Department of Civil Rights v. Horizon Tube Fabric,* 148 Mich.App. 633, 385 N.W.2d 685, 688 (1986). Other federal cases are in accord. *Anastasio v. Schering Corp.,* 838 F.2d 701, 708–9 (3rd Cir. 1988); *Goss v. Exxon Office Systems Co.,* 747 F.2d 885, 888–89 (3rd Cir.1984); 45B Am.Jur.2d *Job Discrimination* §§ 2414, 2415 (1986).

The Commission appears to have properly calculated the damages in all respects except one. Ann Pizinger, one of the complainants, acknowledged on the record she had been unable to work due to a disability caused by mental illness for some time. The Commission apparently awarded her back wages and benefits for the period she could not work. The Commission should only have awarded back pay and benefits

up to the time when she could no longer work or stopped looking for comparable employment. *Cf. Allen v. Shelby County, Tennessee,* 17 E.P.D. ¶8485 (W.D.Tenn. 1978).

We remand this case back to the Commission for a finding consistent with this opinion. Ms. Pizinger's award should be determined accordingly.

We affirm the ruling of the district court in all other respects. We do not retain jurisdiction.

AFFIRMED AND REMANDED.